**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Jack PAYNER, Defendant-Appellee.**

**No. 77–5200.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1977.

Decided March 17, 1978.

Engel, Circuit Judge, filed a separate concurring opinion.

William D. Beyer, U. S. Atty., Cleveland, Ohio, John F. Hyland, Jr., Dora A. Saharuni, M. Carr Ferguson, Robert E. Lindsey, James A. Bruton, Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Bennett Kleinman, Bernard J. Stuplinski, Kahn, Kleinman, Yanowitz & Arnson, Cleveland, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and ENGEL and KEITH, Circuit Judges.

PHILLIPS, Chief Judge.

The Government appeals from the decision of the district court suppressing evidence in a prosecution for knowingly and wilfully making a false statement on a federal income tax return. Reference is made to the comprehensive opinion of the district court for a recitation of pertinent facts. *United States v. Payner,* 434 F.Supp. 113 (N.D.Ohio 1977).

The case was tried before the district judge sitting without a jury. A motion to suppress was filed in advance of the trial, but no ruling was made upon the motions at that time. After a jury had been waived, "by agreement of the parties, the Court proceeded to try the defendant on the merits of the indictment together with the motion to suppress." 434 F.Supp. at 118. After all the evidence had been heard, the district judge granted defendant's motion to suppress the Government's evidence. No decision on the merits of the case has yet been made.

In a federal criminal prosecution, the Government's right to appeal is limited to the authorization contained in 18 U.S.C. § 3731. We construe this statute to forbid by express language the appeal undertaken in the present case:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, *not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information,* if the United States attorney certifies to the district court that the appeal is not taken for purposes of delay and that the evidence is a substantial proof of a fact material in the proceeding. (Emphasis added).

As stated above, this appeal was undertaken after the hearing of the evidence of the trial on its merits and before a verdict on the indictment. The Government argues that the purpose of the statute is to permit a governmental appeal in all cases where constitutionally permissible and that the statute is to be construed liberally, relying upon *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), and *United States v. Beck,* 483 F.2d 203 (3rd Cir. 1973), *cert. denied,* 414 U.S. 1132, 94 S.Ct. 873, 38 L.Ed.2d 757 (1974). No matter how liberally this statute may be construed, however, we hold that it cannot be interpreted to grant to the Government a right to appeal under the facts of the present case.

It is further contended by the Government that double jeopardy has not occurred. We express no opinion on the double jeopardy issue. We simply hold that under the facts of this case, the express language of the statute bars an appeal by the Government.

Although the district judge is to be commended for the care with which he has researched the issues and the comprehensive opinion he has prepared, the procedure followed in the present case should not be

encouraged or condoned. There should have been a separate hearing on the motion to suppress and disposition of that motion should have been made before the beginning of the trial on the merits. If this procedure had been followed, the Government would have preserved its right, before the beginning of the trial on the merits, to appeal under 18 U.S.C. § 3731 from the decision of the district court granting the motion to suppress.

The Government filed a petition in this court on July 22, 1977, seeking a writ of mandamus directing the district court to vacate its order suppressing the Government's evidence and to render a verdict on all the evidence. The petition for writ of mandamus was denied by an order of this court dated September 30, 1977, in which we said:

> The Government has filed a petition for writ of mandamus seeking an order from this court directing United States District Judge John M. Manos to vacate an order entered on April 28, 1977 suppressing the government's evidence in a criminal prosecution, *United States v. Jack Payner,* and further directing the district judge to render a verdict on all of the evidence introduced at the trial. Prior to filing the petition for writ of mandamus, the Government filed a notice of appeal from an order of the district court suppressing certain evidence in the case of *United States v. Payner.* The appeal which the Government has commenced will present every issue properly before the court pursuant to the Government's limited right of appeal in criminal cases pursuant to 18 U.S.C. § 3731. The Government may not expand the limited right of appeal under [the statute] by resort to the extraordinary writ of mandamus. The effect of the order of the district court suppressing the evidence in *United States v. Payner* is an issue, in any event, left to the decision of the panel to whom that appeal is assigned.

The appeal is dismissed for want of jurisdiction.

ENGEL, Circuit Judge, concurring.

Since in my opinion it is clear that the defendant had been put in jeopardy before the trial court entered its order suppressing the evidence, I concur in the conclusion that we are without jurisdiction to hear the government's appeal. The language of 18 U.S.C. § 3731 is too clear to be ignored.

Aside from the plain command of the statute, the difficulty with the procedure followed by the district court is that it unduly suspends the adjudicatory process after jeopardy has attached and leads to unnecessary confusion and a very real danger that the final judgment may be rendered on stale and long-forgotten evidence.