**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Jack PAYNER, Defendant-Appellee.**

No. 78–5278.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 5, 1978.

Decided Jan. 12, 1979.

Rehearing and Rehearing En Banc Denied March 20, 1979.

James R. Williams, U. S. Atty., Cleveland, Ohio, M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay, James A. Bruton, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Bennet Kleinman, Cleveland, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, KEITH, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

This is the second appeal by the Government from the decision of the district court granting the motion of defendant to suppress evidence. In *United States v. Payner*, 572 F.2d 144 (6th Cir. 1978), this court dismissed the appeal for want of jurisdiction.

Jack Payner was indicted for making false statements on his income tax return. The case was tried before the district court sitting without a jury. A motion to suppress was made in advance of trial, but no ruling was made at that time. Instead the district judge proceeded to try the defendant on the merits of the case along with the motion to suppress. after all the evidence had been heard, the district court granted the motion of defendant to suppress, but made no decision on the merits.[1]

After this court dismissed the appeal in *Payner I*, the district court ordered that its previous suppression order be vacated and entered a verdict of guilty. Then the district court reinstated its suppression order and set aside the verdict of guilty. The Government again appeals from the suppression order.

Reference is made to the comprehensive opinion of the district court, *United States v. Payner*, 434 F.Supp. 113 (N.D.Ohio 1977) for a recitation of the facts upon which the suppression order is grounded.

Upon consideration of the briefs and arguments of counsel and the entire record, we conclude that the district court did not err in suppressing the evidence in the exercise of its supervisory powers. We agree with the district court that suppression was justified. Since we base our decision upon the exercise of supervisory powers, it is not necessary to reach the constitutional questions raised on the appeal.

Affirmed.

---

1. In his concurring opinion in *Payner I*, Judge Engel pointed out that the difficulty with the procedure followed by the district court is that it "unduly suspends the adjudicatory process after jeopardy has attached and leads to unnecessary confusion and a very real danger that the final judgment may be rendered on stale and long-forgotten evidence." 572 F.2d at 146.