**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Bonnie Joyce EMBER,
Defendant-Appellee.**

No. 83–5148X.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1983.

Decided Feb. 21, 1984.

As Modified on Denial of Rehearing
May 15, 1984.

Paul Caruso, Beverly Hills, Cal., for defendant-appellee.

Jeffrey Modisett, Los Angeles, Cal., for plaintiff-appellant.

Before SNEED and SCHROEDER, Circuit Judges, and CROCKER *, District Judge.

SNEED, Circuit Judge:

The government appeals from a district court judgment of acquittal. We dismiss the appeal because further prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment.

## I.

## FACTS

The government charged appellee Bonnie Joyce Ember in a two count indictment with importation and possession with intent to distribute of approximately 530 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 952(a), and 960(a)(1). United States customs inspectors conducted a search of Ember after she arrived at Los Angeles International Airport on a flight from Lima, Peru. The customs inspectors allegedly discovered cocaine in a pair of black suede boots that Ember was wearing and in a pair of ski boots that she was carrying.

Ember waived her right to trial by jury, and trial commenced before the district court on May 24, 1983. Ember objected to the introduction of the black suede boots into evidence on the grounds that they were obtained through an illegal search and seizure. Despite the government's contention that Ember had waived this objection by not making a timely motion to suppress, the district court held that the boots were inadmissible.

The district court also excluded the cocaine allegedly taken from Ember on the grounds that the government had failed to establish the chain of custody of the evidence. A Drug Enforcement Administration (DEA) agent testified that he mailed the substance seized from Ember to a DEA chemist, who confirmed that it was cocaine and returned the evidence to the agent. Because the agent repackaged the cocaine after it was returned to him and because the Assistant United States Attorney failed to present a chain of custody record, the district court concluded that there was insufficient evidence establishing chain of custody and the cocaine was therefore inadmissible for "lack of foundation." The government requested that it be allowed to return to court the next day with authority supporting the legality of the search and with the DEA chemist, who would testify as to the authenticity of the cocaine. The district court denied these requests. One of the customs inspectors returned to the witness stand for further direct examination by the government. After this testimony, the court ordered the government's case to a close.

Ember, in response to the district court's suggestion, then made a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.[1] The district court granted this motion and discharged the defendant.

## II.

## DISCUSSION

The general principles applicable to this area are well settled. 18 U.S.C. § 3731

---

* Honorable M.D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

1. Federal Rule of Criminal Procedure 29(a) states in pertinent part:

The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment ... after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

authorizes appeals by the government in criminal cases except when the Double Jeopardy Clause bars further prosecution.[2] *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 568, 97 S.Ct. 1349, 1352, 51 L.Ed.2d 642 (1977). "A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates prosecution when a second trial would be necessitated by a reversal." *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978) (footnote omitted). Appeal by the government is barred even if the judgment of acquittal was entered for erroneous reasons. *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43 (1978); *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962).

■ The government argues that double jeopardy does not bar this appeal because the district court's action was in substance an order of dismissal on constitutional grounds rather than a judgment of acquittal. The trial judge's characterization of his own action cannot control the classification of the action. *Scott,* 437 U.S. at 96, 98 S.Ct. at 2196. Instead, a "defendant is acquitted only when 'the ruling of the judgment, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" *Id.* at 97, 98 S.Ct. at 2197 (quoting *Martin Linen*

*Supply Co.,* 430 U.S. at 571, 97 S.Ct. at 1354). When a district court enters a judgment of acquittal pursuant to Rule 29, appeal is barred only when "it is plain that the District Court ... evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." *Martin Linen Supply Co.,* 430 U.S. at 572, 97 S.Ct. at 1355.

■ After reviewing the entire record, we conclude that the district court's action does in fact represent a resolution of factual elements of the offense charged. The government's argument that the district court erred in excluding certain evidence is beside the point.[3] Even if the rulings excluding the evidence were erroneous, double jeopardy bars this appeal if the district court's action is properly characterized as a judgment of acquittal. *See Sanabria,* 437 U.S. at 68–69, 98 S.Ct. at 2180–2181. We find that the district court evaluated the government's evidence and determined that it was insufficient to sustain a conviction.[4]

Our previous decision in *United States v. Gonzales,* 617 F.2d 1358 (9th Cir.), *cert. denied,* 449 U.S. 899, 101 S.Ct. 268, 66 L.Ed.2d 129 (1980) does not control our disposition of this case. The government argues that *Gonzales* establishes that the district court could not have considered the sufficiency of the evidence before it, because the government never rested its case. We believe that *Gonzales* is distinguishable. In *Gonzales,*

---

**2.** 18 U.S.C. § 3731 states in pertinent part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the

evidence is a substantial proof of a fact material in the proceeding.

**3.** Our decision does not endorse the district court's exclusion of either the boots or the cocaine. We do not reach these issues because our conclusion does not depend on whether the district court correctly resolved them.

**4.** The district court commented that the government had a weak case, had presented it poorly, and had done a poor job of preserving the evidence. While we may not agree with these observations, we believe that they suggest that the district court evaluated the government's evidence and concluded that it was legally insufficient to sustain a conviction. *See Martin Linen Supply Co.,* 430 U.S. at 572, 97 S.Ct. at 1355.

the district court ruled in the middle of the government's case, and we therefore concluded that it could not have considered whether the evidence was sufficient. 617 F.2d at 1362. In contrast, the district court here ordered the government to rest because it had no more witnesses then available to call, and the court subsequently granted the defendant's motion for acquittal.[5]

The government also maintains that *Gonzales* suggests that this case is appealable because, as in *Gonzales,* the district court's action was in substance an order of dismissal based on constitutional grounds. We disagree. In *Gonzales,* the district court dismissed the prosecution because of the unavailability of potential material witnesses. 617 F.2d at 1362. This was accomplished by an "acquittal." We concluded that the "acquittal" was in substance an order of dismissal, and as such was appealable. *Id.* We cannot reach that conclusion here. In this case, the district court determined that the admissible evidence was insufficient. It is immaterial that the inadmissibility of certain evidence rested on constitutional grounds.[6]

■ Because we conclude that the Double Jeopardy Clause bars appeal from the judgment of acquittal, we dismiss the government's appeal.[7]

APPEAL DISMISSED.

5. Although we believe it would have been reasonable for the district court to allow the government to return to court the following day to present additional evidence, we do not find that the district court abused its discretion by denying the government's request and ordering the government to close its case after it had no more witnesses to present.

6. The government acknowledges that it could not appeal the trial court's exclusion of evidence alone, because 18 U.S.C. § 3731 precludes appeal from an order suppressing evidence entered after jeopardy has attached. *See United States v. Payner,* 572 F.2d 144, 145 (6th Cir.1978). Nonetheless, the government argues that appeal is proper here because the exclusion of evidence was "part and parcel" of a dismissal, which can be appealed pursuant to section 3731. The government's argument is more notable for its circularity than for its persuasiveness. First, the government argues that the trial court's order of acquittal is in

substance a dismissal because the order rests on constitutional grounds. The government admits that the court's exclusion of evidence on Fourth Amendment grounds is not itself appealable. The government attempts to avoid this problem by asserting that this case involves a dismissal and appeal is therefore authorized by section 3731. This assertion, however, assumes the very proposition that the government initially sought to establish.

7. As an alternative to appeal pursuant to 18 U.S.C. § 3731, the government requests a writ of mandamus pursuant to 28 U.S.C. § 1651. We deny this request because the Double Jeopardy Clause would also bar further proceedings against Ember pursuant to such a writ. *Cf. United States v. Ellison,* 684 F.2d 664, 666 (10th Cir.1982) (allowing government to challenge order of acquittal via mandamus after noting that Double Jeopardy Clause did not bar requested relief).