**UNITED STATES, Appellant,**

v.

**Colonel David M. LEWIS, Jr., Appellee,**

**Technical Sergeant John W. Reese, Real Party in Interest.**

**CMR DKT. No. 84A–01.**

U.S. Air Force Court of Military Review.

16 Jan. 1985.

Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr., for appellant.

Colonel Leo L. Sergi, Major Wiliam H. Lamb and Major Francis T. Lacey, USAFR, for appellee.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION

O'HAIR, Judge:

Pursuant to Article 62 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862, and in accordance with the procedures detailed in R.C.M. 908(b), the Government filed an appeal. We are asked to reverse the decision of the military judge to suppress evidence derived from a test of the urine of Technical Sergeant John W. Reese which was performed at the University of Utah.

The contested evidence disclosed that the accused's urine contained tetrahydrocannabinol, the active constituent of marijuana,

and this evidence served as the sole basis for the allegation that the accused used marijuana. This urine sample was collected at Moody Air Force Base, Georgia, and forwarded to Brooks Air Force Base, Texas. From there, a portion of this urine sample was forwarded to the University of Utah for additional testing.

The defense counsel moved to suppress the lab results of the urinalysis on two grounds: 1) a pattern of improper command influence at Brooks deprived the accused of due process, and 2) defects in the chain of custody of the urine sample occurred at both Moody and Brooks. The military judge acceded only to the second ground for attack. He thereafter set out in great detail the reasoning for his ruling. With regard to the deficient chain of custody, the military judge elaborated on what he found to be a series of discrepancies in the exercise of control of the evidence occurring at Moody and again at Brooks. He concluded by stating:

"... I do find that there is not a sufficiently reliable chain of custody to establish that the urine that was received for testing at Utah was the urine of the accused and was in a substantially—was delivered to Utah to the Brooks Laboratory and in a fashion that insures that it was substantially unaltered or untampered with and so the objection to admit the Utah test results is going to be sustained."

■ In ruling on an appeal under Article 62, UCMJ, this Court may act only with respect to matters of law, notwithstanding Article 66(c), UCMJ, 10 U.S.C. § 866(c). Article 62(b), UCMJ. Thus, our only concern is whether the military judge's decision was correct as a matter of law.

■ Preliminary questions regarding the admissibility of evidence are properly determined by the military judge. Mil.R. Evid. 104(a). The military judge in this case clearly had the authority to rule on what he treated as a defense objection to the results of the University of Utah urinalysis. In his exercise of this function, it was incumbent upon him to evaluate the evidence detailing the chain of custody of the accused's urine sample and make findings of fact. Thereafter, he had to assure himself that the prosecution had met its burden of proving by a preponderance of the evidence that the urine sample which arrived at the University of Utah was the one which was obtained from the accused and that it had not been changed or altered in any important respects. See *United States v. Courts*, 9 M.J. 285 (C.M.A.1980); *United States v. Nault*, 4 M.J. 318 (C.M.A. 1978); *United States v. Gardi*, 6 M.J. 703 (N.C.M.R.1978); *United States v. Jenkins*, 5 M.J. 905 (A.C.M.R.1978).

Before making his ruling, the military judge detailed a series of deficiencies which served as the basis for his opinion that the prosecution did not meet its burden of showing that it had properly maintained custody of its real evidence. In his findings of fact, he related the administrative and procedural errors which were committed at the laboratories at both Moody and Brooks which caused him great concern as to the source of the urine ultimately tested, as well as to whether there had been any significant contamination of the sample. Unless his findings of fact are wholly unsupported by the evidence, they are ones on which we have no authority to act under Article 62, UCMJ. After arriving at his findings, it was then his duty to decide, as a matter of law, the ultimate question of the admissibility of the urinalysis results. In the case before us, the military judge correctly applied the proper test for admissibility and his ruling will not be disturbed.

Accordingly, this Court finds that as a matter of law, the military judge did not err in granting the defense motion to suppress the results of the urinalysis test. The military judge's decision is affirmed and the government's appeal is denied.[*]

FORAY, Senior Judge, concurs.

SNYDER, Judge, absent.

* The Government's Motion for Leave to File Document is Denied.