**UNITED STATES, Appellant,**

v.

**Lieutenant Colonel Edward S. PODUSZCZAK, 148–30–8995, United States Army, Appellee.**

**Misc. Dkt. No. 1985/4**

U.S. Army Court of Military Review.

2 May 1985.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellant.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Robert S. Johnson, Jr., JAGC, were on the pleadings for appellee.

Before McKAY, WATKINS, and LYMBURNER, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

On various dates during the months of September through December 1984 and January 1985, Lieutenant Colonel Poduszczak, the appellee, appeared before a general court-martial composed of officer members on one specification each of dereliction of duty, willfully signing false official records, larceny of some amount of demerol and one specification of wrongfully possessing and using demerol. During Article 39(a), 10 U.S.C. § 839(a), Uniform Code of Military Justice (UCMJ) sessions on 21 and 22 January 1985, the military judge ruled that admissions made by Lieutenant Colonel Poduszczak to Major Anthony LaPorta, Mrs. Jeanette Hassell, and Major Sam Carr and a redacted confession to Special Agent George Lee of the Criminal Investigation Command (CID)[1] would not be allowed in evidence because of a lack of corroboration evidence.

The judge's ruling affected the government's presentation of evidence against the appellee with respect to the offenses of dereliction of duty, larceny of demerol (under a theory of withholding), and wrongful use and possession of demerol. On 5 March 1985, the government filed an appeal with this Court, pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (1982), Military Justice Act of 1983, Pub.L. No. 98–209, § 5(c)(1), 97 Stat. 1393 (1983) and in accordance with the procedures detailed in R.C.M. 908(a) and (b). An answer was filed by appellate counsel for Lieutenant Colonel Poduszczak on 21 March and the government filed a supplemental argument on 4 April 1985.

The government seeks reversal of the military judge's suppression ruling. The appellee opposes any such reversal, and contends that the ruling is not subject to appeal, notwithstanding Article 62, UCMJ, or R.C.M. 908. Specifically, the appellee argues that because evidence was received at his court-martial and the members were empaneled and sworn, jeopardy attached and the government was statutorily precluded from appealing. The appellee cites as authority *United States v. Payner,* 572 F.2d 144 (6th Cir.1978), a decision that prohibited a government appeal of a judge's ruling after the presentation of evidence. The *Payner* decision is based upon a statutory interpretation of 18 U.S.C. § 3731, the federal statute upon which Article 62 and R.C.M. 908 were fashioned.

Although the legislative history of Article 62 indicates that it was to parallel the federal statute to the extent practicable, the two statutes are not identical. *See* portion of 18 U.S.C. § 3731 states:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, *not made after the defendant has been put in jeopardy* [emphasis supplied] and before the verdict or finding on an indictment or information.

Neither Article 62 nor R.C.M. 908 contains what questionably might be considered the restrictive language of 18 U.S.C. § 3731. Article 62(a)(1) states:

> [T]he United States may appeal an order or ruling of the military judge which terminates the proceedings with respect to a charge or specification or which excludes evidence that is substantial proof of a fact material in the proceeding. However, *the United States may not appeal an order or ruling that is, or that amounts to, a finding of not guilty with respect to the charge or specification.* [Emphasis supplied].

The identical language is also found in R.C.M. 908(a). The fact that jeopardy has attached by the presentation of evidence or empaneling and swearing of the members does not bar the government from its right to appeal. *Cf. United States v. Harslaw,* 705 F.2d 317 (8th Cir.1983)

---

1. Earlier in the trial the military judge ruled that portions of appellee's confession relating to drug use were excluded under the protection of

Army Regulation 600–85, Alcohol and Drug Prevention and Control Program (1 January 1982), the Army's drug exemption program.

(legislative history of 18 U.S.C. § 3731 convinced federal appeals court that statute does not limit appeal to only pretrial suppression orders). Only when a court-martial has taken action that amounts to a finding of not guilty or an acquittal on a particular charge or specification will the government be prohibited from appealing. Absent such action, which probably would trigger the Double Jeopardy Clause of the Constitution, "the United States has a broad right of appeal under Article 62, UCMJ." *United States v. Scholz*, 19 M.J. 837, 840 (N.M.C.M.R.1984). Where, as here, the trial is interrupted before a verdict and has not been terminated, the Double Jeopardy Clause has not been violated. *See United States v. Browers*, 20 M.J. 542, (ACMR 1985). Even recent decisions interpreting 18 U.S.C. § 3731 [2] and "the legislative history [of the statute] makes it clear that Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." *United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975). Accordingly, we hold that this Court is not barred by the terms of any statute from hearing the government's appeal.

We next turn to the government's contention that the military judge erred in suppressing appellee's admissions and redacted confession.

Lieutenant Colonel Poduszczak made several oral admissions to his co-workers at Kenner Army Hospital, Fort Lee, Virginia, and one written confession to a CID agent. In a discussion with Major Anthony LaPorta, Poduszczak admitted using demerol taken from the hospital to combat his depression. After being confronted on 19 April 1984 by Mrs. Jeanette Hassell about peculiarities in his patient records, respecting demerol, Lieutenant Colonel Poduszczak admitted that he used demerol that he had recorded on various patient charts as wasted, both before and after duty. He admit-

ted taking up to 300 milligrams of demerol a day. A portion of the conversation was in the presence of Major Sam Carr. Later on, but during the same day, Poduszczak again related his drug activities to CID Agent Lee and signed a written detailed confession, portions of which were later redacted.

Prior to the suppression ruling, Colonel Michael Kim, Chief of Anesthesia at Kenner Army Hospital, testified on the merits for the government. Colonel Kim testified about his knowledge of anesthesia, how it is used, what it does and how the narcotics are charted. He stated that about forty-five minutes before surgery a patient would receive preoperative (pre-op) medication on the ward and that supplemental pre-op medication was "pretty rare". Two other witnesses, Captain Raymond Griffith and Major Sam Carr, nurse anesthetists, both testified that after reviewing sixty-seven of Lieutenant Colonel Poduszczak's patient records dated during the period 1 January—16 April 1984, they found a significant incident of additional pre-op medication recorded as being administered by the appellee. Major Carr described the incident of additional medication as a "pattern" and Captain Griffith referred to it as "excessive". Another witness, Doctor M. Craig Pinsker, testified as an expert witness on anesthesiology. He examined Colonel Poduszczak's patient records and noticed a significantly large amount of demerol marked as wasted.

With respect to the suppression ruling, the military judge made specific findings of fact. He found "no corroboration for any statement with respect to withholding" (the theory of the offense of larceny under which the government presented its case), and "no evidence with respect to the accused's conduct which would give inference to the use of demerol". Absent any corroborative evidence of use, he further found a lack of corroboration evidence to support dereliction of duty. After some additional

**2.** *United States v. Layton,* 720 F.2d 548 (9th Cir.1983); *United States v. Hetrick,* 644 F.2d 752 (9th Cir.1980); *United States v. Humphries,* 636 F.2d 1172 (9th Cir.1980), *cert. denied,* 451 U.S. 988, 101 S.Ct. 2324, 68 L.Ed.2d 846 (1981).

discussion the military judge restated his findings, "that there was no corroboration evidence to support charges I, III and IV", dereliction of duty, larceny by withholding and wrongful possession and use of demerol, respectively. He did not accept as fact "continuous pre-op sedation by the accused on a regular basis on patients that already received preoperative medication on their respective wards." He did accept as fact that large amounts of demerol were recorded on the appellee's patient records as wasted.

■ We are mindful that this Court may act only with respect to matters of law in ruling on an appeal under Article 62, UCMJ, notwithstanding Article 66(c), 10 U.S.C. § 866(c), UCMJ. Article 62(b), UCMJ; *United States v. Scholz, supra.* The military judge's findings of fact must be accepted, "[U]nless his findings of fact are wholly unsupported by the evidence." *United States v. Lewis,* 19 M.J. 869, 870 (A.F.C.M.R.1985). Where the latter situation exists the military judge may have erred as a matter of law, notwithstanding the findings. *See United States v. St. Clair,* 19 M.J. 833 (N.M.C.M.R.1984). We believe that he did so err, but only with respect to the suppression of the redacted confession based on his finding of no corroboration with respect to larceny by withholding.

Military Rule of Evidence 304(g)(1) describes the quantum of evidence needed to corroborate a confession or admission as not "sufficient of itself to establish beyond a reasonable doubt the truth of facts stated in the admission or confession", but the evidence need only raise "an inference of the truth of the essential facts admitted" in the admission or confession. The Editorial Comment to the *Military Rules of Evidence Manual,* Saltzburg, Schinasi, and Schlueter, 81 (1981), suggests "that the quantum of evidence" needed is "generally slight and can be either direct or circumstantial." *See United States v. Baran,* 19 M.J. 595 (A.F.C.M.R.1984).

■ We consider the redacted confession to be sufficiently corroborated by the testimony of Colonel Kim, Captain Griffith, Major Carr and Doctor Pinsker so as to meet the requirements of M.R.E. 304(g)(1). The testimony corroborates the appellee's redacted confession that he would draw more demerol than was needed for a patient, keeping the excess for himself. This corroborated admission of theft is also consistent with the military judge's specific finding that large amounts of demerol were "recorded" as wasted by Colonel Poduszczak.

■ Accordingly, we conclude that the military judge erred as a matter of law in suppressing Lieutenant Colonel Poduszczak's redacted confession. As to the confession, the government's appeal is granted and the ruling of the military judge is reversed. With respect to the military judge's ruling suppressing the remaining admissions of the appellee, that decision is affirmed and to that extent the government's appeal is denied. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

Judge WATKINS and Judge LYMBURNER concur.