UNITED STATES of America,
Plaintiff–Appellee,

v.

Bruce A. BAPTISTE,
Defendant–Appellant.

No. 86–1302.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 1987.

Decided Nov. 20, 1987.

Mark J. Bennett, Honolulu, Hawaii, for plaintiff-appellee.

John Ashford Thompson, Honolulu, Hawaii, for defendant-appellant.

Before CHAMBERS, SNEED and TANG, Circuit Judges.

TANG, Circuit Judge:

Bruce A. Baptiste appeals the district court's order reversing the magistrate's

dismissal of the government's information and remanding his case for retrial. We have jurisdiction under 28 U.S.C. § 1291. We reverse because further prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment.

## FACTS AND PROCEEDINGS

An officer of the Kaneohe Marine Corps police (MPs) stopped Baptiste on the Marine Corps Air Station for an identification check. When the MP noticed that Baptiste had a strong odor of alcohol on his breath and that his speech was distorted, he asked Baptiste to step out of the car. Baptiste refused and sped away from the gate. The MPs later apprehended Baptiste at his home and brought him back to the air station. The MPs administered a blood test, which showed a blood alcohol content of .26 percent. The government charged Baptiste with driving under the influence of alcohol (D.U.I.) and driving with a blood alcohol content over .10 percent, in violation of Haw.Rev.Stat. § 291–4(a)(1) and (2), federal offenses under the Assimilative Crimes Act, 18 U.S.C. § 13. Baptiste waived a jury trial and the parties stipulated to trial before a magistrate. After the government presented its case and rested, Baptiste moved for a judgment of acquittal. The magistrate dismissed the case on the ground that the MPs lacked probable cause under Hawaii law to order Baptiste out of his car. The government appealed and the district court dismissed the case on double jeopardy grounds. Twenty-eight days later, the district court sua sponte vacated its dismissal and remanded the case for retrial. Baptiste timely appealed.[1]

## ANALYSIS

We review de novo whether the Double Jeopardy Clause bars appeal and retrial.

See United States v. Schwartz, 785 F.2d 673, 676 (9th Cir.1986).

Baptiste contends that the Double Jeopardy Clause proscribes the government's appeal and his retrial because the district court entered a judgment of acquittal and retrial would unfairly permit the government a second attempt at conviction. We find these contentions persuasive.

■■■ The government may appeal in a criminal case under 18 U.S.C. § 3731 unless the Double Jeopardy Clause bars further prosecution. United States v. Martin Linen Supply Co., 430 U.S. 564, 568, 97 S.Ct. 1349, 1352–53, 51 L.Ed.2d 642 (1977); Schwartz, 785 F.2d at 677. The Double Jeopardy Clause bars further prosecution when the court enters a judgment of acquittal and reversal necessitates a new trial. United States v. Scott, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978); United States v. Ember, 726 F.2d 522, 524 (9th Cir.1984). An acquittal based on a ruling that the government's evidence is legally insufficient to sustain a conviction therefore may not be appealed. Scott, 437 U.S. at 91, 98 S.Ct. at 2194. This is true even if the acquittal was entered for erroneous reasons. Sanabria v. United States, 437 U.S. 54, 64, 98 S.Ct. 2170, 2178–79, 57 L.Ed.2d 43 (1978).

■■■ The government argues that the magistrate did not evaluate the evidence but rather dismissed the case on a perceived violation of state law.[2] To support this argument, the government points to the magistrate's written order, in which he crossed out the words "having viewed the evidence in the light most favorable to the government." The magistrate's characterization of the action, however, does not control its classification. See Scott, 437 U.S. at 96, 98 S.Ct. at 2196; Schwartz, 785

---

**1.** The district court's order remanding the case for retrial is not "final" in the sense that it terminates the criminal proceeding below. Nonetheless, such an order falls within the "collateral order" exception to the final judgment rule announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because it constitutes a complete, formal, and final rejection of Baptiste's double jeopardy claim. This claim is collateral to the principal issue of whether Baptiste is guilty of the offense charged. See Abney v. United States, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977).

**2.** Relying on State of Hawaii v. Kim, 711 P.2d 1291 (Hawaii 1985), the magistrate held that the MPs lacked probable cause to order Baptiste out of his car.

 

F.2d at 677. Rather, we must determine whether the magistrate's ruling "actually [represents] a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *See Martin Linen Supply Co.,* 430 U.S. at 571, 97 S.Ct. at 1355; *Ember,* 726 F.2d at 524.

We conclude that the magistrate did resolve in Baptiste's favor elements of the D.U.I. offense. After the government presented and rested its case, the magistrate determined that the MPs lacked probable cause to order Baptiste out of his car. He therefore refused to consider *any* evidence submitted by the government and dismissed the charges.

The district court found that the magistrate erred in determining there was no probable cause. The court stated there was overwhelming evidence supporting probable cause because the police officer who stopped Baptiste for a routine identification check smelled alcohol on his breath and observed that his speech was slurred. The district court decided the erroneous probable cause determination led to suppression of evidence and a simple dismissal rather than to a judgment of acquittal.

We disagree. The proper analysis is that because the magistrate refused to consider any of the government's evidence, there was no evidence available to prove Baptiste's guilt. This can only mean that the "evidence was legally insufficient to convict." [3] Hence, the magistrate's action is properly characterized as a judgment of acquittal. *See Ember,* 726 F.2d at 524. That the magistrate may have erred in his ruling is irrelevant. *See Sanabria,* 437 U.S. at 68–69, 98 S.Ct. at 2181 (erroneous evidentiary ruling leading to erroneous judgment of acquittal for insufficient evidence bars further prosecution). Because the Double Jeopardy Clause bars appeal from a judgment of acquittal, we RE-

VERSE and REMAND with instructions to the district court to dismiss the action.

---

3. The government concedes that had the magistrate suppressed evidence and then ruled that there was insufficient evidence to convict, double jeopardy would bar its appeal. We find no substantive difference between a magistrate's exclusion or suppression of evidence. Here, as in a suppression case, evidence obtained following an illegal seizure, though erroneous, was held to be inadmissible. *See United States v. Ember,* 726 F.2d 522, 525 (9th Cir.1984).