**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James E. GOVRO, Defendant–Appellant.**

**No. 86–1311.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 1987.

Decided Nov. 23, 1987.

Mark J. Bennett, Honolulu, Hawaii, for plaintiff-appellee.

Jack F. Schweigert, Honolulu, Hawaii, for defendant-appellant.

Before CHAMBERS, SNEED and TANG, Circuit Judges.

TANG, Circuit Judge:

James E. Govro appeals the district court's reversal of the magistrate's dismissal of the government's information and the remand of his case for retrial. We have jurisdiction under 28 U.S.C. § 1291. We reverse because further prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment.

## FACTS AND PROCEEDINGS

After observing Govro's erratic driving, the Schofield Military Police (MP's) stopped him on suspicion of driving under the influence of alcohol (D.U.I.). The MP's adminis-tered a field sobriety test, which Govro failed. The MP's then took Govro into custody and attempted to administer an intoxilyzer test. Because most of Govro's breath escaped before it could be channeled into the tube, the test was unsuccessful in registering blood alcohol content. After five similarly unsuccessful attempts to administer the test, the MP's recorded Govro's behavior as a refusal. Approximately one hour later, Govro requested that he be given another chance to take the test. The MP's, based on Army policy, refused to test Govro again. The government charged Govro with driving under the influence of alcohol, in violation of Haw.Rev. Stat. § 291–4(a)(1), a federal offense under the Assimilative Crimes Act, 18 U.S.C. § 13.

At trial after the defense rested, the magistrate entered a "judgment of acquittal" based on his belief that a Hawaii Supreme Court decision [1] barred Govro's prosecution because of the MP's refusal to retest Govro. The government appealed and the district court reversed the judgment and remanded the case for a new trial, determining that the Double Jeopardy Clause did not bar Govro's retrial. Govro timely appealed.[2]

## ANALYSIS

Whether the Double Jeopardy Clause bars appeal and retrial is reviewed de novo. *See United States v. Schwartz*, 785 F.2d 673, 676 (9th Cir.1986).

Govro contends that the Double Jeopardy Clause bars the government's appeal and his retrial because retrial would unfairly permit the government a second attempt at conviction. We find this contention persuasive.

The government may appeal in a criminal case under 18 U.S.C. § 3731 unless

---

1. *State v. Moore*, 62 Haw. 301, 614 P.2d 931 (1980).

2. The district court's order remanding the case for retrial is not "final" in the sense that it terminates the criminal proceedings below. Nonetheless, such an order falls within the "collateral order" exception to the final judgment rule announced in *Cohen v. Beneficial Indus.* *Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because it constitutes a complete, formal, and final rejection of Govro's double jeopardy claim. This claim is collateral to the principal issue of whether Govro is guilty of the offense charged. *See Abney v. United States*, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed. 2d 651 (1976).

the Double Jeopardy Clause bars further prosecution. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568, 97 S.Ct. 1349, 1352, 51 L.Ed.2d 642 (1977); *Schwartz*, 785 F.2d at 677. The Double Jeopardy Clause bars further prosecution when the court enters a judgment of acquittal and a subsequent reversal necessitates a new trial. *United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978); *United States v. Ember*, 726 F.2d 522, 524 (9th Cir.1984). An acquittal based on a ruling that the government's evidence is legally insufficient to sustain a conviction therefore may not be appealed. *Scott*, 437 U.S. at 91, 98 S.Ct. at 2193. This is true even if the acquittal was entered for erroneous reasons. *Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43 (1978).

■ The magistrate's characterization of his action, however, does not control its classification. *See Scott*, 437 U.S. at 96, 98 S.Ct. at 2196; *Schwartz*, 785 F.2d at 677. Rather, the magistrate's ruling must "actually represent[ ] a resolution [in defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *See Martin Linen Supply Co.*, 430 U.S. at 571, 97 S.Ct. at 1355; *Ember*, 726 F.2d at 524. The government argues that because the magistrate did not evaluate the evidence but rather dismissed the case on a perceived violation of state law, double jeopardy concerns are not implicated here. Although this argument is enticing, it cannot be accepted in this case.

■ Two venerable principles underlie the Double Jeopardy Clause: the integrity of a final judgment, *see Crist v. Bretz*, 437 U.S. 28, 33, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24 (1978); and the avoidance of multiple prosecutions even when guilt or innocence has not been established, *see Scott*, 437 U.S. at 92, 98 S.Ct. at 2194. The Double Jeopardy Clause does not allow the state to make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense. *See Ohio v. Johnson*, 467 U.S. 493, 498–99, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984); *Scott*, 437 U.S. at 95, 98 S.Ct. at 2196.

This principle, however, "does not relieve a defendant from the consequences of his voluntary choice."

In *Scott*, the United States Supreme Court held that 18 U.S.C. § 3731 does not bar the government's appeal "where the defendant himself seeks to have the trial terminated without any submission to either judge or jury as to his guilt or innocence." *Scott*, 437 U.S. at 101, 98 S.Ct. at 2199. A termination at the behest of a defendant, however, must be distinguished from a termination on the court's own initiative. *Scott*, 437 U.S. at 99, 98 S.Ct. at 2198. "Where the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his 'valued right to have his trial completed by a particular tribunal.'" *United States v. Jorn*, 400 U.S. 470, 484, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971) (citing *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949)). This deprivation precludes retrial.

Applying these principles, the magistrate's sua sponte termination of the trial in Govro's favor independent of factual guilt or innocence bars a retrial. After the defense rested, the magistrate stated that *State of Hawaii v. Moore*, 62 Haw. 301, 614 P.2d 931 (1980) required him to discharge Govro. He based this decision on his belief that the government could not prosecute without an absolute refusal to take an intoxilyzer test and Govro's later request for a test. Even though the magistrate refused to consider any of the government's evidence, that refusal and the termination of the case was not at Govro's election. Govro did not waive his "valued right to have his trial completed by a particular tribunal." *Scott*, 437 U.S. at 92, 98 S.Ct. at 2194; *Jorn*, 400 U.S. at 484, 91 S.Ct. at 556. A retrial in this instance would permit the government a second attempt to convict Govro, which the Double Jeopardy Clause prohibits.

## CONCLUSION

Because the Double Jeopardy Clause bars Govro's retrial, the judgment is re-

versed and remanded with instructions to dismiss the action.