**UNITED STATES of America**

v.

**John F. BOOKOUT.**

**Crim. No. L–90–779M.**

United States District Court,
S.D. Texas,
Laredo Division.

May 7, 1992.

David Almarez, Laredo, Tex., for John F. Bookout.

Mark Dowel, Asst. U.S. Atty., Laredo, Tex., for U.S.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is the Government's motion to strike findings of fact and conclusions of law. This Defendant was tried by Magistrate Judge Notzon on charges that he violated 16 U.S.C. §§ 703–711. After a bench trial, Judge Notzon prepared findings of fact and conclusions of law. He concluded that the Government had failed to prove the various counts beyond a reasonable doubt. On April 3, 1992, Judge Notzon signed a Judgment of Acquittal. On April 10, 1992, the Government filed its pending motion. The Court questions whether the pending motion is the proper method for perfecting an appeal under Rule 58(g)(2), Fed.R.Crim.P. Nevertheless, since the parties have briefed the key issue of the appealability of a judgment of acquittal, the Court will now decide that question.

The Government concedes the general rule that its appeals in criminal cases are limited to the statutory exceptions provided in 18 U.S.C. § 3731. It argues, without supporting citation, that this statute is limited to appeals from district court to a circuit court of appeals. The Government then concludes that no statutory exclusion exists for a governmental appeal from a Magistrate Judge's decision. In fact, without § 3731 the result would be just the opposite. The United States Supreme Court "has long taken the view that the United States has no right of appeal in a criminal case, absent explicit statutory authority." *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 2190, 57 L.Ed.2d 65 (1978).

Even assuming § 3731 applies to appeals from Magistrate Court, *see* Rule 58(g)(2)(A), Fed.R.Crim.P., this motion must be denied. The Government argues that appeal from an acquittal is barred by the double jeopardy clause only if a successful appeal would require a new proceeding "devoted to the resolution of factual issues." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). The Government then asserts that it has "no intention of pursuing any retrial, reopening of the evidence or different resolution of the facts previously presented." *Government Response*, etc., April 27, 1992, p. 6. This statement is disingenuous at best. What the Government means, apparently, is that it does not want this Court to send the case back to Judge Notzon for new trial. Instead, it proposes an extraordinary procedure. Apparently, this Court would examine the transcript of the trial, determine the legal elements of each offense, review "the legally admissible evidence," [1] and make an independent conclusion that the Government has proved its case beyond a reasonable doubt. This is clearly not the function of an appellate court. *Cf.* Rule 58(g)(2)(D), Fed.R.Crim.P. ("The scope of the appeal shall be the same as an appeal from a judgment of a district court to a court of appeals.")

"Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.'" *Martin Linen*, 97 S.Ct. at 1354. Where a criminal prosecution is tried to a judge alone, "there is no question that the Double Jeopardy Clause accords his determination in favor of a defendant full constitutional effect.... The (Supreme) Court has refused to accept theo-

---

1. Ironically, the Government's response first asserts, without citation, that the Federal Rules of Evidence do not apply in misdemeanor trials but then faults the Magistrate Judge for misapplying the "Uniform Rules of Evidence" regarding judicial notice. Later the Government says it is willing to assume the facts of which judicial notice was taken but then says that it seeks redress "in the form of district court review of the legally admissible evidence."

ries of double jeopardy that would permit reconsideration of a trial judge's ruling discharging a criminal defendant." *Id.* at 1355 n. 12. The foregoing rules apply regardless of whether the trial judge declares an acquittal at the end of the case or grants a Rule 29 motion. *Id.* at 1357. "An acquittal based on a ruling that the government's evidence is legally insufficient to sustain a conviction therefore may not be appealed. This is true even if the acquittal was entered for erroneous reasons." *United States v. Affinito*, 873 F.2d 1261, 1264 (9th Cir.1989), citing *United States v. Baptiste*, 832 F.2d 1173, 1174 (9th Cir.1987).

The Government's motion is DENIED.