4 F.3d 792
 UNITED STATES of America, Plaintiff-Appellant,
v.
Jesse Clarence MILLER, aka: J.C. Miller; Robert Sebastian
Tolmaire; John Leo Edner; Roger Raul Garcia;
Stephen Wayne Polak; Edward Daniel
Jamison, Defendants-Appellees.
 No. 92-50236.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 13, 1993.
Decided Sept. 8, 1993.
 
 Michael W. Emmick, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellant.
 Lindsay Anne Weston, Pasadena, CA, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: HARLINGTON WOOD, Jr.* , REINHARDT, and RYMER, Circuit Judges.
 RYMER, Circuit Judge:
 
 
 1
 After a trial resulting in acquittals on several counts and a hung jury on the remaining counts, the district court dismissed all counts except those in which a majority of the jurors voted to convict. The district court did not specify the ground for its dismissal, other than to say that retrial would be unfair as to those counts in which the government did not convince at least seven jurors to vote for a conviction. The government appeals, arguing that the district court's order was without a legal basis. We agree, and reverse the order dismissing the counts.
 
 
 2
 * Six Los Angeles County law enforcement officers were tried together before a jury on a 34 count indictment charging them with various civil rights violations. The government's case relied significantly on the testimony of Robert Sobel, a former Los Angeles County Sheriff's Deputy. Among other things, Sobel admitted to committing perjury in other proceedings "possibly" hundreds of times.[1]
 
 
 3
 After the government rested its case in chief, the officers moved under Fed.R.Crim.P. 29 for judgments of acquittal. The court granted the motions for acquittal on some counts as to some of the defendants, and denied all others. At the close of evidence, the officers again moved for judgments of acquittal, and all of these motions were denied.
 
 
 4
 The jury returned with partial verdicts of acquittal on several counts, but deadlocked as to the rest. The court declared a mistrial, and set the matter for a status conference 18 days later. At the status conference, the government announced its intention to retry all of the mistried counts,[2] and the officers asked for dismissals on certain counts.
 
 
 5
 The trial judge obtained a written jury poll on the deadlocked counts, which showed that the votes ranged from 11-1 for acquittal to 11-1 for conviction. On its own initiative, the court dismissed all of the counts on which the government did not obtain a majority of juror votes to convict. The government now appeals.
 
 II
 
 6
 We must first determine whether this court has jurisdiction to hear the government's appeal. We do under 18 U.S.C. Sec. 3731, unless the district court's order, as the officers argue, was a judgment of acquittal. "An acquittal based on a ruling that the government's evidence is legally insufficient to sustain a conviction ... may not be appealed." United States v. Baptiste, 832 F.2d 1173, 1174 (9th Cir.1987).
 
 
 7
 The officers argue that the district court in effect used deadlocked votes on which the jury failed to preponderate for conviction as de facto proof of insufficiency of the evidence. They also rely on the fact that during the status conference, the Assistant United States Attorney himself characterized the court's consideration of which counts to retry as essentially a "reconsideration of an earlier denied Rule 29 motion."
 
 
 8
 We do not think the district court entered judgments of acquittal under Rule 29. "A defendant is acquitted and a government appeal barred only when the judge's ruling, whatever its label, actually represents a resolution in defendant's favor, correct or not, of some or all of the factual elements of the charged offense." United States v. Affinito, 873 F.2d 1261, 1264 (9th Cir.1989). Here, the district court had denied all Rule 29 motions at the close of evidence, the defense had not renewed those motions, neither the parties nor the court talked in terms of weighing the evidence, and the court did not purport to resolve any factual elements of the charged offenses.
 
 
 9
 Instead, the court stated during the status conference:
 
 
 10
 I think what's pertinent right now is that the jury has already expressed at least their votes with respect to quite a few counts where the jury verdict was substantially less than the majority, and I do feel that with respect to those counts that the government did not preponderate on the number of votes for a particular count, and then I don't think it is fair to retry those counts.
 
 
 11
 (emphasis supplied). Later during the conference, the court added, "with respect to the first trial, we have to give credence to the final word of the jury, and I don't think the first trial should be a rehearsal for the contemplated second." Finally, in its written order reducing the number of counts to be dismissed in light of a retabulation of the juror votes, the court concluded that:
 
 
 12
 On March 23, 1992, the court granted the dismissals of various counts and the defendants named therein. After reexamination of the jury's written numerical count, the court amends its order of March 23, 1992, and orders the following dismissals as to the listed defendants ...
 
 
 13
 Because there is no indication that the district court resolved any factual issues, or based its holding on the weight of the evidence, its order was not a judgment of acquittal. We therefore have jurisdiction to review it.
 
 III
 
 14
 The officers argue that the standard of review for dismissal of an indictment is abuse of discretion, citing United States v. Barrera-Moreno, 51 F.2d 1089, 1091 (9th Cir.1991) (dismissal of an indictment based on the court's supervisory powers is reviewed for abuse of discretion), cert. denied, --- U.S. ----, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992). The government, on the other hand, contends that the standard of review is de novo. United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir.1992) (dismissal of an indictment under the court's supervisory powers or on constitutional grounds is reviewed de novo), cert. denied, --- U.S. ----, 113 S.Ct. 1581, 123 L.Ed.2d 148 (1993). We need not decide which standard applies, however, since the court's order cannot stand under either view.
 
 IV
 
 15
 The officers contend that the order of dismissal in this case should be affirmed because it preserved judicial integrity by preventing a future jury from considering false and perjurious testimony on retrial, and was a proper exercise of the court's supervisory discretion. For the same reasons, they suggest that dismissal protected their due process rights.
 
 
 16
 The Supreme Court has recognized only three legitimate bases for the exercise of supervisory power: to implement a remedy for the violation of a statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct. United States v. Simpson, 927 F.2d 1088, 1090 (9th Cir.1991) (citing United States v. Hasting, 461 U.S. 499, 505, 103 S.Ct. 1974, 1978, 76 L.Ed.2d 96 (1983)). We hold that dismissal based on the unfairness of retrying counts on which the government did not get a majority or more votes is an improper exercise of the court's supervisory power.
 
 
 17
 * The court itself did not identify a statute or constitutional provision that was violated by the government. The officers now suggest that dismissal prevented the knowing presentation of perjured testimony on retrial. According to the officers, since the jury did not believe Sobel's testimony, and since Sobel was contradicted by government agents, his testimony was perjurious. Thus, if the government were to present his testimony again it would knowingly be presenting false testimony. Because in their view the government did not act responsibly in assessing which counts to retry, the court was obliged to do so.
 
 
 18
 We are not persuaded. The court did not rely on any such ground, nor was the knowing use of perjurious testimony argued by the parties to the district court; it is sheer speculation that the court was intending to remedy a constitutional violation. The court was not asked to, and did not find that Sobel committed perjury. For that matter, the record is silent on whether Sobel will be called in a retrial. Moreover, the court's order permitted retrial of counts on which Sobel's testimony was also pertinent. This belies any intent to base dismissal on Sobel's credibility. In short, there is no basis for concluding that the district court predicated dismissal on the prospect of Sobel's testifying, perjuriously, with the government's knowledge.
 
 
 19
 Likewise, the district court made no findings which indicate that it believed the officers' due process rights were implicated. To warrant dismissal for a due process violation, "the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991). Presenting a witness with credibility problems does not suffice.
 
 B
 
 20
 The officers argue that the district court's dismissal was akin to exercising its inherent power to exclude otherwise irrelevant evidence. They urge that judicial integrity is ill-served by retrying counts where the evidentiary foundation is perjury and self-interest.
 
 
 21
 The judicial integrity prong of supervisory power seeks to ensure that "the jury's decision rests on 'appropriate considerations validly before [it].' " Simpson, 927 F.2d at 1090 (quoting United States v. Hasting, 461 U.S. at 505, 103 S.Ct. at 1978). The district court nowhere said that it was acting for this reason. As there was no finding of perjury, or of any considerations which could not validly support a conviction, there is no merit to the point now pressed by the officers.
 
 
 22
 The officers also argue that the evidence likely to be adduced in a retrial is insubstantial and therefore the interests of judicial integrity mandate that the counts be dismissed. Since the district court did not purport to rely on this ground, we need not consider this argument.
 
 V
 
 23
 The district court did not purport to dismiss under Rule 29. The only other basis upon which it could have acted lies in its supervisory power. We conclude that the fact that the jury was hung by a six to six vote, or by one even more favorable to the defendant, is not an adequate basis for dismissal under the court's supervisory power. Therefore, we reverse.
 
 
 24
 REVERSED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge, Seventh Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Sobel also testified that in connection with this case he had made extensive handwritten corrections on the FBI reports of his statements, before the reports were finalized. The district court granted defense motions to strike Sobel's testimony, and declared a mistrial because the witness statements had been altered and the alterations had been destroyed. On reconsideration, the court vacated both rulings in light of testimony by the FBI agents who prepared the witness reports that Sobel's changes were not extensive
 
 
 [2]
 A second trial after a mistrial brought on by a hung jury does not violate the Double Jeopardy Clause of the Constitution. United States v. Gooday, 714 F.2d 80, 83 (9th Cir.1983), cert. denied, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 884 (1984)