145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert W. HICKS, Defendant-Appellant.
 No. 96-10540.
D.C. No. CR-96-00179-RGS.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Roger G. Strand, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert W. Hicks appeals pro se his jury trial conviction for willful failure to file a tax return, in violation of 26 U.S.C. § 7203. We review a district court's denial of a motion to dismiss de novo. See United States v. Vroman, 975 F.2d 669, 670 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Hicks contends that the district court erred by denying his motion to quash and motion to dismiss the information on the grounds that it was insufficient in several respects. This contention lacks merit. The information was constitutionally sufficient as it set out the elements of the charged offense, and was specific enough to bar future prosecution. See Vroman, 975 F.2d at 670-71 (stating that under 26 U.S.C. § 7203 the government must allege the taxpayer was required to file a tax return, he failed to do so and such failure was willful). Accordingly, the district court did not err by denying Hicks' motions to dismiss the information. Id.[1]
 
 
 4
 Hicks also contends that the admission of prior convictions at trial violated the double jeopardy clause. This contention lacks merit because the double jeopardy clause does not prohibit the admission of evidence. See United States v. Govro, 833 F.2d 135, 136 (9th Cir.1987) (stating generally that the double jeopardy clause bars retrial of the same offense).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Hicks contends that the district court lacked jurisdiction, this contention is without merit. See United States v. Engstrom, 7 F.3d 1423, 1424(9th Cir.1993) (stating that pursuant to 18 U.S.C. § 3231, the district court has jurisdiction in 28 U.S.C. § 7203 cases)