**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO CHAVEZ-TELLO,

Defendant - Appellant.

No. 12-50199

D.C. No. 3:10-cr-02463-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted February 5, 2013

Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Defendant Mario Chavez-Tello appeals the denial of his motion to dismiss

supervised release revocation proceedings. The government initiated proceedings

to revoke Chavez-Tello's three-year supervised release term from a prior

conviction after a new conviction for illegal reentry. Chavez-Tello filed a motion

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to dismiss the proceedings in light of amendments to United States Sentencing Guidelines § 5D1.1(c). The district court noted that the guideline amendments were not retroactive and that Chavez-Tello was sentenced before they took effect. The court found that it had no authority to dismiss the proceedings, and it denied Chavez-Tello's motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties dispute the appropriate standard of review. Chavez-Tello argues that we should review the district court's decision for an abuse of discretion, citing *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). The government argues that plain-error review applies here because Chavez-Tello has raised new claims on appeal. *See United States v. Gallegos*, 613 F.3d 1211, 1213–14 (9th Cir. 2010). It is unnecessary to decide this question because there was no error here, plain or otherwise. We also assume without deciding that Chavez-Tello did not forfeit his right to appeal by admitting that he violated his supervised release conditions.

The district court correctly determined that it did not have the legal authority to dismiss the revocation proceedings under these circumstances. On appeal, Chavez-Tello identifies two possible sources of authority. First, he points to 18 U.S.C. § 3583(e). That provision authorizes the district court to take certain

2

enumerated actions related to supervised release terms. However, by its terms § 3583(e) does not give the court the discretionary authority to simply dismiss revocation proceedings at any time as Chavez-Tello urges.

Second, Chavez-Tello argues that the district court can dismiss revocation proceedings for any reason pursuant to its inherent supervisory powers. He has provided no authority directly supporting this position. A district court's inherent powers to dismiss a prosecution are typically limited to situations where a defendant's rights have been violated or where the integrity of judicial proceedings has otherwise been compromised. *See United States v. Miller*, 4 F.3d 792, 795 (9th Cir. 1993); *see also United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) ("A court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice and where no lesser remedial action is available." (internal quotation marks and citations omitted)).

We see no reason to depart from these principles under the circumstances here. Chavez-Tello has not alleged any prosecutorial misconduct or other violations of his rights. Moreover, the district court already had the statutory authority to remedy any injustice by declining to revoke his supervised release term after weighing the applicable statutory factors. *See* § 3583(e). Given the availability of this "lesser remedial action," *Chapman*, 524 F.3d at 1087, we

conclude that the district court lacked the authority to dismiss revocation

proceedings pursuant to its supervisory powers under these circumstances. *See*

*Miller*, 4 F.3d at 795.

**AFFIRMED.**