UNITED STATES of America, Petitioner,

v.

Honorable James O. ELLISON, Respondent,

v.

Robert B. SUTTON, BPM, Ltd., and Scurry Oil Company, Amici Curiae.

No. 82–1602.

United States Court of Appeals, Tenth Circuit.

May 20, 1982.

Victor D. Stone, Atty., Dept. of Justice, Washington, D. C. (Frank Keating, U. S. Atty., N. D. Oklahoma, Tulsa, Okl., James L. Swartz, Asst. U. S. Atty., Anchorage, Alaska, and William J. Hardy, Jr., Atty., Dept. of Justice, Washington, D. C., with him on the briefs), for petitioner.

W. Rodney DeVilliers, Sr., Oklahoma City, Okl. (Mitchell Lansden, Baton Rouge, La., James R. Eagleton and Marc F. Conley, Tulsa, Okl., with him on the briefs), for Robert B. Sutton, BPM, Ltd., and Scurry Oil Co., amici curiae.

Before McWILLIAMS, DOYLE and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

By petition for mandamus the government attacks the action of the trial court in entering a judgment of acquittal on 15 counts of a 17-count indictment and asks that the action of the district court be stayed. A notice of appeal was filed with the district court on May 17, but the appeal has not been docketed in the court of appeals. Accordingly we give no consideration to 18 U.S.C. § 3731 (appeal by the United States). Action on the mandamus petition is proper under our supervisory power to prevent a gross disruption in the administration of criminal justice. See *United States v. Weinstein*, 2 Cir., 452 F.2d 704, 712–713; *United States v. Dooling*, 2 Cir., 406 F.2d 192, 198–199; and *In Re United States*, 1 Cir., 286 F.2d 556, 563, 564, reversed on other grounds sub nom.; *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629.

The petition was filed with the clerk on May 17. Because of the urgency for action we ordered a response and heard oral argument on the afternoon of May 19.

The government charges a fraud scheme by which approximately 240 million barrels of crude oil were falsely certified under the government's Mandatory Price Regulations. Counts 1, 2, and 3 charge violations of the anti-racketeering statutes. Counts 4 through 15 charge violations of the mail and wire fraud statutes. Count 16 charges obstruction of justice and Count 17 conspiracy to obstruct justice. The jury impanelled to try the case has not been discharged.

After an extensive trial at which the government had produced many witnesses and many documents, the defendants moved for a judgment of acquittal under F.R.Crim.P. Rule 29(a). In his verbal statement the trial judge seemed to rely on prosecutorial misconduct. That misconduct is not a ground for action under Rule 29(a). In his later written memorandum the Judge said as to the first three counts:

"The evidence fails to show the receipt of income by defendant Sutton, as an individual (and this is crucial, since he alone,

not the corporate defendants is charged with these offenses), and it fails to show his personal involvement in the entities as charged, or in the transfer of funds as alleged. It is *true as the Government points out, that there is some evidence that goes to this point, that is, concerning Sutton's interest and involvement as charged in the first three counts.*" [Emphasis Supplied]

With regard to Counts 4 through 15, the court said:

"The scheme as alleged is a scheme to defraud the United States, through the circumvention of those regulations pertaining to the certification of crude oil under the EPAA, and through the impairment and obstruction of the Entitlement Program. The Court has searched the record, and has found no proof of any impact on the entitlements program, or the cost of petroleum products that is directly tied to the frauds alleged. *To be sure, there is evidence as to the general impact on the Government's program of price control of the practice of unlawfully changing the tier certification of crude oil.* That, however, falls short of showing that these defendants in these trades, by their 'juggling' of tiers, had an impact as alleged." [Emphasis supplied]

The government says that the evidence was sufficient to go to the jury. We do not know because the voluminous record is not before us. As to the first three counts the Court says that there "is some evidence that goes to this point." The Court says that the evidence "does fall short." We have no way of knowing whether the statement is correct.

As to the remaining 12 counts, the Court recognizes a "juggling" of tiers, and says that this shows only a suspicion which does not suffice to let the case go to the jury. Again we do not know. The government says that it is sufficient.

■ We reject the defense double jeopardy claim. This is not a case of successive trials. See *U. S. v. DiFrancesco*, 449 U.S. 117, 128, 101 S.Ct. 426, 432, 66 L.Ed.2d 328. The original jury has not been discharged.

The status of the trial is that the government has rested its case.

In *United States v. White*, 10 Cir., 673 F.2d 299, we reversed the same trial judge's grant of a judgment of acquittal after a jury verdict of conviction. In that case we had before us the record. Here we do not. We are impressed with the qualifications which the judge placed on his rulings and with the government's assertion that the evidence is sufficient to go to the jury.

In *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65, the Court said:

"Where the court, before the jury returns a verdict, enters a judgment of acquittal pursuant to Fed.Rule Crim.Proc. 29, appeal will be barred only when 'it is plain that the District Court . . . evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction.'" Quoting from *United States v. Martin Linen*, 430 U.S. 564 at 572, 97 S.Ct. 1349 at 1355, 51 L.Ed.2d 642.

■ On the record the "it is plain" question cannot be answered affirmatively. The qualifications which the Court puts in its memorandum opinion disturb us and we do not have the record. We believe that a prompt conclusion of the trial on all 17 counts "would significantly advance the public interest." *United States v. Scott*, 437 U.S. at 101, 98 S.Ct. at 2199.

The petition for mandamus is granted. It is ordered (1) the stay entered by this court on May 17 is vacated; (2) the action of the district court granting a judgment of acquittal on counts 1 through 15 is set aside without prejudice to the rights of the defense to seek, and the district court to decide, a motion for judgment of acquittal after a guilty verdict, if such be the action of the jury; (3) on remand the district court shall proceed forthwith to conclude the trial on all 17 counts before the presently impanelled jury.

McWILLIAMS, Circuit Judge, dissenting.

I would deny the relief sought by the United States. To grant the relief sought

by the United States would in my view constitute unprecedented action on our part and would violate the Double Jeopardy clause of the Fifth Amendment.

At the end of the government's case the district court granted the defendants' Rule 29 motion and entered a judgment of acquittal as to counts 1 through 15 in the indictment. The district court's Memorandum Opinion, dated May 14, 1982, sets forth with sufficient particularity for me the basis for the district court's granting of the defendants' Rule 29 motion. In this regard, see in particular pages 3, 4, and 5 of the Memorandum Opinion. After entry of that judgment of acquittal, the defendants, in my view, were no longer in jeopardy on counts 1 through 15, even though two counts of the original seventeen-count indictment remained for submission to the jury, and the jury for that reason was not discharged.

The majority of this Court, by its action of this date, has, in effect, ordered that the district court's judgment of acquittal be vacated and has directed the district court to submit counts 1 through 15 to the jury. By so doing, the majority has reinstated a proceeding that was previously terminated by action of the district court under Rule 29. Reinstatement of criminal charges previously terminated by order of a trial court, which termination order is permitted by rule, for the purpose of compelling the trial court to submit the counts in question to the jury violates double jeopardy rights. When the district court entered a judgment of acquittal under Rule 29 on counts 1 through 15, the defendants at that point were no longer in jeopardy as to those counts. By virtue of the present action of the majority of this Court, the defendants are now again in jeopardy on those counts.

My attention has not been drawn to any reported case where an appellate court has ordered a trial court, in the middle of a trial, to reinstate counts where the trial court had entered a judgment of acquittal under Rule 29 at the end of the government's case. In voting to deny the relief here sought by the United States, I rely on my understanding of such cases as *Fong*

*Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); and *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). In *Scott,* at page 91, 98 S.Ct. at 2193, appears the following pertinent language:

A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal.

To me, the reinstatement in the instant case of the fifteen counts when the district court has previously entered a judgment of acquittal based on a determination, permitted by Rule 29, that the government's evidence is insufficient to convict is a form of "second trial" which violates the Double Jeopardy clause.

The fact that the majority in the instant case have, in a sense, simply stayed the district court's judgment of acquittal does not change my thinking. The effect of such staying action is to require the district court to submit counts 1 through 15 to the jury. Such, in my view, is not contemplated by Rule 29, and is repugnant to the Double Jeopardy clause.