

Attorney informally without the necessity for an appearance before the grand jury. The information required was so distinct from any confidential communication between appellant and his counsel and so clearly unprotected by the attorney-client privilege that no reasonably informed client could have supposed that it would be protected from disclosure. Since the attorney was not required to testify before the grand jury, this possible source of client concern was also eliminated. Moreover, the government established by uncontradicted affidavits that the evidence was sought for a legitimate purpose, that it was relevant to the grand jury inquiry, and that it was not available from another source, thus establishing all appellant suggests the government should be required to show in a preliminary hearing. The hearing suggested by amici would also have been inappropriate since whether or not there is a pattern of abuse nationwide, this case was clearly not an example.[2]

AFFIRMED.

Before SETH, HOLLOWAY, McWILLIAMS, BARRETT, WILLIAM E. DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.

The Court, sitting en banc, having heard oral argument of counsel, orders as follows:

1. The petitioner's emergency application for writ of mandamus and appeal is hereby denied.

2. The petitioner's emergency motion for stay of the district court's order of dismissal of Counts 1 through 15 of the Indictment is denied.

3. The order of the panel entered in the captioned cause on May 17, 1982, 684 F.2d 664, staying all further proceedings before the United States District Court for the Northern District of Oklahoma in case No. 81–CR–97, *United States of America v. Robert B. Sutton, et al.,* is hereby vacated.

The Court is of the view that mandamus is an inappropriate remedy and that to grant the relief prayed for would violate

---

**UNITED STATES of America,
Petitioner,**

v.

**Honorable James O. ELLISON,
Respondent.**

No. 82–1602.

United States Court of Appeals,
Tenth Circuit.

May 21, 1982.

---

**2.** This record supports the wisdom of the suggestion in *Salas & Waxman,* 695 F.2d at 363, that allegations such as those raised by amici are best resolved, not by a generalized inquiry, but by examination of the facts of each case in which the government seeks to compel counsel to produce evidence to determine whether there has been an abuse.

the double jeopardy clause of the Fifth Amendment of the United States Constitution.

BARRETT and DOYLE, Circuit Judges, dissent.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard TABOR, Defendant-Appellant.

No. 82–1967.

United States Court of Appeals,
Tenth Circuit.

Nov. 14, 1983.

Jim Jones, Sallisaw, Okl., for defendant-appellant.

Gary L. Richardson, U.S. Atty., and Edward M. Kimmel, Asst. U.S. Atty., Muskogee, Okl., for plaintiff-appellee.

Before BARRETT and LOGAN, Circuit Judges, and KERR, District Judge *.

---

* United States District Court for the District of Wyoming, sitting by designation.