**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John P. BLOUNT, Defendant–Appellant.**

No. 93–30327.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1994.

Decided Sept. 6, 1994.

Gerald R. Smith, Federal Defenders of Eastern Wash., Spokane, WA, for defendant-appellant.

George W. Breitsameter, Asst. U.S. Atty., Boise, ID, for plaintiff-appellee.

Before: SCHROEDER, BOOCHEVER, and BRUNETTI, Circuit Judges.

BOOCHEVER, Circuit Judge:

John Blount was convicted of offenses related to his spiking of trees in the Clearwater National Forest. He now appeals his conviction under 18 U.S.C. § 1864(a)(2) (1988), arguing that the reinstatement of two counts of tree spiking as misdemeanors one day after the trial court had granted his motion for acquittal on felony tree spiking counts violated his right not to be subject to double jeopardy. We agree, and accordingly, we reverse his misdemeanor conviction for tree spiking.

## BACKGROUND

In April 1989, after an area in the Clearwater National Forest was designated by the United States Forest Service for selective harvesting of old growth trees, the Clearwater National Forest headquarters was notified that trees in the designated area had been spiked with 500 pounds of 8 to 10 inch metal nails. Investigation by Forest Service workers revealed that 284 trees had been spiked with 384 nails. Most nails were marked with paint.

John Blount was identified by an informant as a member of the group responsible for the spiking, along with several others. Blount was eventually tried on two felony counts of tree spiking in violation of 18 U.S.C. § 1864 (Counts One and Three), and two counts of willfully injuring or committing depredation against property of the United States in violation of 18 U.S.C. § 1361 (Counts Two and Four), pursuant to the government's theory that the trees were spiked during two distinct spiking trips. Counts One and Two were in connection with the alleged first trip and Counts Three and Four in connection with the second. Blount was also charged with one count of conspiracy in violation of 18 U.S.C. §§ 371 and 1361 (Count Six).[1]

Blount was tried by jury in June 1993. He was represented by counsel. At trial, after the government's case-in-chief was complete, Blount moved, pro se, for a judgment of acquittal on Counts One and Three on the ground that the government had failed to establish damage to the property of an individual in excess of $10,000, as required for a felony conviction under 18 U.S.C. § 1864(b)(4).[2] The district court offered the

---

1. Blount also appeals his conviction for violations of 18 U.S.C. §§ 371 and 1361 (1988) (Counts Two and Six), and his sentence. We decide those issues separately in a memorandum disposition filed simultaneously with this disposition. Count Five was dismissed as duplicitous of Count Six.

2. 18 U.S.C. § 1864 states:
   (a) Whoever—

government the opportunity to modify its charge and to proceed with a lesser-included misdemeanor charge under § 1864, before deciding the motion for judgment of acquittal on the felony § 1864 counts. The misdemeanor charge did not require a showing of damage to the property of an individual. When the government elected an "all-or-nothing" approach to the charge, the court granted Blount's motion, acquitting him on those counts. The district court announced to the jury that Counts One and Three were "no longer in this case."

Blount and a codefendant then presented their defenses on the remaining counts. The court adjourned for the day after the second defendant rested. The next morning, the district court reinstated Counts One and Three as lesser-included misdemeanors of the felony counts, over Blount's objection. The court stated that it had reconsidered its earlier ruling and that it believed the acquittal on the felony charges did not preclude reinitiation of the lesser-included offense. The court stated: "[I]f the ... dismissal of the felony 1864 without reserving the misdemeanor 1864 ... precludes a reopening and a resubmittal, we [will] hear that post-trial."

Blount was convicted on the Count One § 1864 misdemeanor, but not the Count Three charge. The district court denied Blount's subsequent pro se motion for acquittal based on double jeopardy.

Blount's sentencing hearing was held on August 13, 1993. His conviction on the § 1864 count was grouped with his convictions on two other counts related to his tree spiking activities.

## DISCUSSION

Blount argues that the trial court subjected him to double jeopardy when it reinstated the § 1864 counts as misdemeanor charges. We review questions concerning double jeopardy de novo. *United States v. Horodner*, 993 F.2d 191, 193 (9th Cir.1993).

(2) with the intent to obstruct or harass the harvesting of timber, ... uses a hazardous or injurious device on Federal land, ... shall be punished under subsection (b).
(b) An individual who violates subsection (a) shall—

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal...." *United States v. Wilson*, 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232 (1975) (quotations omitted). "The phrase 'the same offense' encompasses both the offense charged and any lesser offense necessarily included therein. Thus an acquittal of a greater offense precludes a subsequent prosecution for a lesser-included offense." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir.1982), *cert. denied*, 460 U.S. 1070, 103 S.Ct. 1525, 75 L.Ed.2d 948 (1983) (citing *United States v. Ball*, 163 U.S. 662, 670, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)). "A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." *United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978).

The protections of the Double Jeopardy Clause have been understood, among other things, as protections against multiple prosecutions for the same offense. Double jeopardy thus is not generally implicated in situations where a second trial will not result. *See Wilson*, 420 U.S. at 332–45, 95 S.Ct. at 1016–23. *See also, e.g., United States v. Brandon*, 633 F.2d 773, 778–79 (9th Cir.1980) (double jeopardy does not bar appeal by the government where reversal of district court order granting defendant's motion for judgment of acquittal does not result in a new trial but only results in reinstatement of jury's verdict of guilty).

The government contends that double jeopardy was not implicated in this case when the district court reinstated the § 1864 counts as misdemeanors, because Blount's trial on other counts charged in the same indictment was not complete. Thus it argues that Blount was not subjected to a "second trial" when the counts were reinstated; the

(4) if damage exceeding $10,000 to the property of any individual results, be fined under this title or imprisoned for not more than ten years, or both....

counts were simply presented to his original jury along with the other charges against him.

This argument is not persuasive. An acquittal is "a resolution, correct or not, of some or all of the factual elements of the offense charged." *Sanabria v. United States,* 437 U.S. 54, 71, 98 S.Ct. 2170, 2182–83, 57 L.Ed.2d 43 (1978) (internal quotations omitted). "[A] verdict of acquittal is final, ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offense.'" *Green v. United States,* 355 U.S. 184, 188, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957) (quoting *Ball,* 163 U.S. at 671, 16 S.Ct. at 1195). "[W]hen a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous." *Sanabria,* 437 U.S. at 64, 98 S.Ct. at 2179.

The district court's ruling on Blount's motion for acquittal was clearly a determinative ruling on the sufficiency of the evidence supporting the government's § 1864 charges. The district court discussed its concerns about the evidence with the parties, and offered the government the chance to modify its charge; the government declined to do so. The court then made its ruling of acquittal, and announced its decision to the jury. The trial on the remaining counts then proceeded and the court did not return to the § 1864 counts until the next day. The court even acknowledged that the counts had been dismissed without any reservation of the misdemeanor charges. Thus, there is no suggestion in this case that the district court's oral grant of the motion for acquittal was tentative or subject to reconsideration.

■ When the district court orally granted Blount's motion for acquittal on the § 1864 counts and informed the jury of its decision, preserving no element of those charges for submission to the jury, its ruling of acquittal ended Blount's jeopardy on the charged felony and any lesser included offenses. *See LoRusso,* 695 F.2d at 53. When the counts were subsequently reopened and resubmitted to the jury, Blount was effectively submitted to a second prosecution, in violation of the Double Jeopardy Clause. Although he did not have to face a new jury, Blount was asked to present any defense and evidence he had pertaining to the charge. The § 1864 charge was put to a different adjudicator, the jury, even though the district court had already ruled on the charges. Blount was then forced to await the jury's resolution of charges previously decided by the court. Under these circumstances, it would be disingenuous to find that Blount did not face a second prosecution simply because the charges were resubmitted to the same jury to which they were originally presented. *See United States v. Ellison,* 722 F.2d 595, 595–96 (10th Cir.1982) (en banc) (after district court granted motion for acquittal on 15 of 17 counts, government sought writ of mandamus for stay of judgment; en banc court stated that "mandamus is an inappropriate remedy and ... to grant the relief prayed for would violate the double jeopardy clause"). The reintroduction of the dismissed charges constituted the commencement of a second prosecution.

The Second Circuit's analysis in *LoRusso,* 695 F.2d 45, is based on facts different from those in this case. In *LoRusso,* the district court stated that it would grant the defendant's Rule 29 motion for acquittal on the charged offense. The Assistant United States Attorney then *immediately* asked for submission of the lesser offense, which the district court did. The Second Circuit determined that the grant of the motion for acquittal was, under the circumstances, an interlocutory order subject to the district court's inherent power to reconsider such orders, and found that double jeopardy was not implicated in that reconsideration. *Id.* at 54. The defendant was not subject to double jeopardy because the motion for modification followed the court's decision "promptly," and the court did not give any indication to the jury of its ruling. *Id.* This is significantly different from Blount's situation, in which the government expressly elected not to proceed with any lesser included offenses and requested jury instructions on the § 1864 misdemeanors one day later only after prompting by the district court, and where the court's decision was announced to the jury, possibly influencing the jury's understanding

of the case. *LoRusso*'s analysis is inapplicable here.

The government also relies on our holding in *Arizona v. Manypenny,* 672 F.2d 761, 765–66 (9th Cir.), *cert. denied,* 459 U.S. 850, 103 S.Ct. 111, 74 L.Ed.2d 98 (1982), in which we discussed the district court's power to reconsider its ruling on a motion for acquittal. *Manypenny* is entirely distinguishable from this case, however, because there the district court reconsidered its *denial* of a defendant's motion for acquittal. It had therefore retained jurisdiction over the counts in question. Here, the district court reconsidered its *grant* of a motion for acquittal.

 Our holding, that charges of which a defendant has been acquitted during trial cannot be reintroduced later in an ongoing proceeding without subjecting a defendant to double jeopardy, furthers the policies expressed by the Double Jeopardy Clause. The Double Jeopardy Clause states that no person shall "be twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. It guarantees that the state will not make repeated attempts to convict a defendant for the same crime, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." *Green,* 355 U.S. at 187–88, 78 S.Ct. at 223. If a grant of a judgment of acquittal on one count is not final until a final judgment has been entered on all counts charged, a defendant is compelled to live in a state of anxiety with respect to the count on which he has been "acquitted" until the trial is complete. For defendants in complex prosecutions, this could continue for months.

 Considerations of fundamental fairness are also implicated. When a motion for judgment of acquittal is granted on a one-count indictment, the jury is discharged and the prosecution terminated. The defendant's jeopardy therefore ends almost immediately after the court's ruling. But in a case involving multiple counts, after a Rule 29 motion

for acquittal is granted as to one count, the prosecution of the other counts continues. If jeopardy does not end with regard to the dismissed count and the acquittal on the dismissed count can be reconsidered at any time during the prosecution of the remaining counts, the meaning and effect of a judgment of acquittal during trial is different for the defendant faced with multiple counts in the indictment.

For example, in this case, one of Blount's codefendants, LaCrosse, appears to have been acquitted on the one count against him, conspiracy to commit tree spiking (18 U.S.C. §§ 371 and 1864), when the court ruled that the § 1864 felony counts had not been established by the government. LaCrosse, accordingly, was dismissed from the case. When the district court then "reinstated" the § 1864 counts against Blount as misdemeanors, it could not have similarly reinstated the count against LaCrosse because to do so would subject LaCrosse to double jeopardy, even though the jury would have been his original jury.[3] To hold other than we do here would thus be to treat the defendant faced with a multiple-count indictment differently from the defendant faced with a single charge, simply because the trial for the additional counts remains to be completed.

Accordingly, we hold that the district court subjected Blount to a second prosecution when it reinstated two counts of which it had previously acquitted Blount due to the insufficiency of the government's evidence. This violated Blount's right not to be put twice in jeopardy.

## CONCLUSION

Blount was improperly subjected to double jeopardy when the district court reinstated Counts One and Three. Blount's conviction on Count One is therefore REVERSED. Blount's convictions pursuant to 18 U.S.C. §§ 371 and 1361, are REMANDED for resentencing consistent with our decision.

---

**3.** The district court noted that LaCrosse's "dismissal from Count 6 served to dismiss him from the case."