87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE (JJAC), Defendant-Appellant.
 No. 95-50522.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided June 12, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant in this case appeals the district court's finding, pursuant to 18 U.S.C. § 5032, of juvenile delinquency based on Appellant's aiding and abetting the possession and importation, with intent to distribute, approximately 441 kilograms of marijuana, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 952, 960, and 963. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's judgment.
 
 I.
 
 4
 Appellant first contends that his conviction violates the Double Jeopardy Clause because the district court, in the middle of closing argument at Appellant's bench trial, commented:
 
 
 5
 Well, it boils down, as far as I'm concerned, to whether or not he really set out to engage in [smuggling marijuana]. Obviously, it had to be for some kind of remuneration. And maybe he did. And I would even go so far as to say that it's possible that he did do it. But to say that beyond a reasonable doubt that he did it is a long reach....
 
 
 6
 According to Appellant, this comment effectively amounted to an acquittal, precluding the district court from changing its mind and finding Appellant to be a juvenile delinquent.
 
 
 7
 It is well settled, however, that an acquittal is "a resolution, correct or not, of some or all of the factual elements of the offense charged." Sanabria v. United States, 437 U.S. 54, 71 (1978); Burks v. United States, 437 U.S. 1, 10 (1978); United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977); United States v. Blount, 34 F.3d 865, 868 (9th Cir.1994). The comment identified by Appellant was made in the midst of a give-and-take discussion of the evidence during which the district court, as an aid to reaching a decision, repeatedly challenged both parties' contentions. Because the comment was not a resolution of any of the factual elements of the offense, Appellant's double jeopardy argument must fail.
 
 II.
 
 8
 Appellant also contends that the district court erred in denying his Fed.R.Crim.P. 29 motion for judgment of acquittal. However, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found, both at the close of the government's case and at the conclusion of the trial, that the government established the essential elements of the crimes charged beyond a reasonable doubt. It was not error, therefore, for the district court to deny Appellant's Rule 29 motion. See United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Hon. Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3