91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael F. SALYER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael F. SALYER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert PASTOR, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roland Dwight FISHER, III, Defendant-Appellant.
 Nos. 92-10711, 93-10274 to 93-10276.
 United States Court of Appeals, Ninth Circuit.
 Argued Feb. 14, 1996.
Submitted March 14, 1996.
Decided July 15, 1996.
 
 Before: SCHROEDER, D.W. NELSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sufficiency of the Evidence.
 
 
 3
 1. To prove the underlying violation of 21 Guam Code Ann. § 63108, the government was not required to prove that there were no residences before 1974 where the coral was removed. While 21 Guam Code Ann. § 63103(c) does except from the "Seashore Reserve" "those Villages wherein residences have been constructed along the shoreline prior to the effective date of the Seashore Act," this was meant to allow only the speedy repair of buildings destroyed or damaged by Typhoon Pamela, see Guam Pub.L. 13-154 (1976), not the removal of coral from otherwise protected waters.
 
 
 4
 2. Section 63103(d) defines "development" for purposes of section 63108 as including "removing ... any materials." There was evidence from which the jury could reasonably infer that Fisher and Salyer removed coral, SER 138-40, 162, satisfying the "development" element of section 63108 for purposes of the Lacey Act charges against all three defendants.
 
 
 5
 3. It doesn't matter whether defendants had permission to collect coral inside the dredge area, as there was evidence from which the jury could infer that the coral they shipped was taken from outside that area. See, e.g., SER 85-86, 89-97, 105-06; id. at 115, 118-19; id. at 35-36, 136-39.
 
 
 6
 4. Pastor claimed for the first time at oral argument that the evidence was insufficient to show he should have known that the coral he shipped was taken in violation of Guam law. There was evidence, however, from which the jury could infer that Pastor knew Guam placed restrictions on where coral could be collected, SER 146-154, and that he knew the packages of coral he shipped on March 21 and 25, 1991, were mislabeled, SER 80-84. The jury could reasonably have concluded that, in the exercise of due care, Pastor should have known the coral was taken in violation of Guam law.
 
 
 7
 Double Jeopardy.
 
 
 8
 1. The Supreme Court has held that conspiring to commit a substantive crime and actually committing the crime are not the same offense for double jeopardy purposes. United States v. Felix, 503 U.S. 378, 389 (1992). Therefore, the fact that Fisher and Salyer were acquitted in territorial court of actually removing live coral on March 25, 1991, did not preclude the government from alleging that removal as an overt act in support of the federal conspiracy charge. See id. at 390.
 
 
 9
 2. The Court has also held that a later prosecution isn't double jeopardy merely because the government's proof there overlaps with proof it introduced in an earlier prosecution. Id. at 386. The prior acquittal here thus did not preclude the government from introducing evidence of the March 25 removal at trial. See also id. at 387 ("introduction of relevant evidence of particular misconduct ... is not the same thing as prosecution for that conduct").
 
 
 10
 3. Fisher and Salyer's reliance on the "same conduct" test of Grady v. Corbin, 495 U.S. 508, 522 (1990), is entirely misplaced, as Grady was overruled in United States v. Dixon, 113 S.Ct. 2849, 2863 (1993).
 
 
 11
 4. We have held that it violates double jeopardy to submit a lesser included offense charge to the jury after the defendant has been acquitted of the greater offense charged in the indictment. United States v. Blount, 34 F.3d 865, 869 (9th Cir.1994). This rule doesn't apply, however, if the government asks the court to submit the lesser offense "promptly" after the court dismisses the greater, and the court does not inform the jury before deciding to submit the lesser offense that the greater offense is no longer in the case. Id. at 868; United States v. LoRusso, 695 F.2d 45, 54 (2d Cir.1982), cert. denied, 460 U.S. 1070 (1983). Under these circumstances, the dismissal ruling is merely interlocutory and may be reconsidered to the extent of submitting the lesser included offense charge. Blount, 34 F.3d at 868. Here, the government requested lesser included offense charges against Pastor, both in its trial memorandum and immediately after the court ruled the evidence insufficient as to the greater offenses charged in the indictment. R.T. 552-554. And, the court did not tell the jury the greater offense charges were no longer in the case until it instructed them on the lesser included offenses when giving its charge. Id. at 682, 692. This was not a case where the jury could have been confused by the fact that the defendant was acquitted of a greater offense. Cf. Blount, 34 F.3d at 868. The submission of the lesser included offense charges to the jury therefore didn't subject Pastor to double jeopardy, nor was the court without jurisdiction to submit them by virtue of its dismissing the greater. See Blount, 34 F.3d at 868.
 
 
 12
 Vagueness.
 
 
 13
 Section 63103(d) is not void for vagueness, as a "reasonable construction," United States v. Hogue, 752 F.2d 1503, 1504 (9th Cir.1985), of its "removing ... any materials" language reaches the underlying conduct here--removing coral. Nor is section 63108 void for vagueness for failing to identify who is exempted from its requirements; section 63108(4) plainly identifies the class of persons who need not secure a permit.
 
 
 14
 Overbreadth.
 
 
 15
 Outside the First Amendment context, a statute isn't unconstitutionally overbroad unless it's unconstitutional in all its applications. United States v. Salerno, 481 U.S. 739, 745 (1987). 16 U.S.C. § 3372(a)(2) makes it illegal, among other things, to transport wildlife taken in violation of state law; it plainly has constitutional applications.
 
 
 16
 Vindictive Prosecution.
 
 
 17
 Defendants have failed to show the federal prosecution was vindictive. Their claim rests on nothing more than the bare fact that the federal government prosecuted them after they were acquitted in a local prosecution for related conduct. Appellants' Opening Br. at 44-46. They point to no authority for the proposition that this establishes vindictive prosecution. Cf. United States v. Bassford, 812 F.2d 16, 21-22 (1st Cir.) (rejecting vindictive prosecution claim based on federal prosecution arising from state referral where there was no showing of "complicity" between the separate prosecuting authorities), cert. denied, 481 U.S. 1022 (1987).
 
 
 18
 Cumulative Error.
 
 
 19
 Defendants' cumulative error claim is based on 11 conclusory assertions of error. See Appellants' Opening Br. at 36-39. The second of these restates defendants' argument, rejected above, that the government was required to prove there were no residences before 1974 where the coral was removed. Id. at 36. The tenth restates Pastor's argument, rejected above, that it was error to submit lesser included offense charges to the jury after granting his motion for judgment of acquittal as to the greater offenses charged in the indictment. Id. at 38. The eleventh restates defendants' argument, rejected above, that the government failed to prove the "development" element of the underlying section 63108 violation. Id.
 
 
 20
 Defendants' eight remaining assertions of error do not comply with Fed.R.App.P. 28(a)(6), as they do not "contain the contentions of the appellant[s] ... and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." We therefore need not review them. See United States v. Alonso, 48 F.3d 1536, 1544-45 (9th Cir.1995). Alternatively, defendants' cumulative error claim fails on the merits, for as defendants recognize, "[w]ithout harmful error, there can be no cumulative error compelling reversal," Appellants' Opening Br. at 35; defendants' conclusory assertions fail to show harmful error.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3