**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Charles Frederick BYRNE,**
**Defendant–Appellant.**

**No. 98–50405.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1999.

Filed Sept. 17, 1999.

Louis E. Peraertz, Jessica Dunsay Silver, U.S. Department of Justice, Washington, D.C. and Amelia L. Meza, U.S. Atty., San Diego, CA, for the plaintiff-appellee.

Jeremy D. Warren, Federal Defenders of San Diego, San Diego, California, for the defendant-appellant.

Before: CYNTHIA HOLCOMB HALL and T.G. NELSON, Circuit Judges, and WARE,* District Judge.

WARE, District Judge:

Appellant Charles Frederick Byrne ("Appellant") appeals from the district court's order denying his motion under Fed.R.Crim.P. 29 to dismiss Count 5 of a multi-count indictment based on the Double Jeopardy Clause of the Fifth Amendment. The district court had first granted the motion after oral argument but then immediately took the order under reconsideration and denied the motion five days later. Appellant contends that the motion to dismiss was unambiguously granted during oral argument, and that the district court violated the Double Jeopardy Clause by later reversing the ruling and reinstating the acquitted count. Appellant also contends that Rule 29 does not allow for reconsideration of a judgment of acquittal, and that the proper action for the district court was to reserve ruling on the motion until it was confident in its ruling.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Background

Appellant and five other former Marine Corps military policemen were named in a six-count indictment charging deprivation of civil rights, conspiracy to violate civil rights, and conspiracy to commit false statements. The charges stemmed from an assault on three undocumented immigrants near Camp Pendleton, California. Appellant was charged only in Count 5, 18 U.S.C. § 3, Accessory after the fact, and Count 6, 18 U.S.C. § 371, Conspiracy to commit false statements.

After completion of a military training exercise on the evening of August 1, 1994, five of the defendants (except Appellant) went to a small camp just outside the boundaries of Camp Pendleton, where they confronted three undocumented immigrants. One of the defendants yelled "Migra," to indicate to the immigrants that they were immigration authorities and demanded to see immigration papers. One undocumented immigrant was then handcuffed and severely beaten, requiring medical attention.

The incident was investigated by the Oceanside Police Department and the Naval Investigative Service ("NIS"). Appellant and the other defendants were questioned and initially denied involvement. Appellant signed a statement claiming that neither he or any of the other Marines left the base perimeter on the night in question and further that none of them had anything to do with the assault of the immigrants. The investigation was closed by the NIS in October, 1994.

The investigation was reopened in June, 1997, when one of the defendants confessed to the assault while applying for a position with the Vermont State Police. This defendant cooperated with the FBI, who then obtained confessions from three defendants and a statement from another defendant in which he admitted to punch-

* Honorable James Ware, United States District Court Judge for the Northern District of California, sitting by designation.

ing one of the undocumented immigrants and providing false statements to cover up the assaults.

All defendants except Appellant and Mark Adam Burton pled guilty and testified at trial for the government. Severance of Appellant and Burton was denied. The case was tried before Judge Gonzalez and a jury starting on June 12, 1998. On June 19, 1998, the government rested its case, and Appellant filed his motion under Fed.R.Crim.P. 29 on the same day. In his motion, Appellant asserted that the government had failed to prove an element of Count 5, the accessory-after-the-fact charge. Specifically, Appellant alleged that the government had not proven that Appellant had knowledge that the other defendants had acted under color of law during the assault. The district court heard oral argument on the motion on June 25.

After oral argument, the district court granted Appellant's motion. Counsel for the government then immediately asked the Court for permission to file a motion for reconsideration including the trial testimony transcript of Mr. LaCosta, the NIS agent who had questioned the Marines. The district court granted the government's request. The government filed a motion to reconsider, including the transcript of Mr. LaCosta's testimony, on June 29.

On June 30, the next scheduled trial date, the district court informed the parties that it was denying Appellant's Rule 29 motion, based on the information provided by the government. Appellant's counsel objected, asserting that jeopardy had terminated due to the June 25 order granting the motion for judgment of acquittal. The district court disagreed, as the jury had not been told that Count 5 was not going forward. The district court then severed Count 5 and allowed Appellant to file his notice of appeal. The rest of the case proceeded and Appellant was acquitted on the remaining count.

## II. Analysis

A. *Standard of Review.* "Whether the Double Jeopardy Clause has been violated is a matter of law, reviewed *de novo* by this court." *United States v. McClain,* 133 F.3d 1191, 1193 (9th Cir.1998), *cert denied,* —— U.S. ——, 118 S.Ct. 2386, 141 L.Ed.2d 752 (1998); *See United States v. Blount,* 34 F.3d 865, 867 (9th Cir.1994).

B. *Double Jeopardy.* The Double Jeopardy Clause "protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense." *United States v. Gaytan,* 115 F.3d 737, 742 (9th Cir.1997). Jeopardy attaches when the jury is empaneled and sworn. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). Jeopardy terminates when the jury reaches a verdict, or when the trial judge enters a final judgment of acquittal. *See Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

The issue on appeal, disputed by the parties, is whether the district court's oral granting of a motion for acquittal was a "final judgment of acquittal," thus terminating jeopardy. Both parties rely on *United States v. Blount,* 34 F.3d 865 (9th Cir.1994) to support their respective contentions.

*Blount* involved a felony prosecution for "tree spiking" on federal lands, under a statute that made the act a felony if damages exceeded $10,000 and provided for a misdemeanor charge if damages were less. At the close of the government's case, the defendant moved for a judgment of acquittal, arguing that there was no evidence that the damages exceeded $10,000. The court gave the government a chance to modify its charge to the lesser-included misdemeanor offense, but the government declined to do so. The district court orally granted the acquittal, and announced to the jury that the tree spiking counts were "no longer in this case." After the defense rested, the district court reinstated the

acquitted counts as lesser-included misdemeanors, reasoning that the acquittal on the felony charges did not preclude reinitiation of the lesser-included offense.

On appeal, the *Blount* court held that an "acquittal is 'a resolution, correct or not, of some or all of the factual elements of the offense charged.'" *Id.* at 868 (quoting *Sanabria v. United States,* 437 U.S. 54, 71, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978)). Examining the facts and circumstances surrounding the district court's ruling, the *Blount* court found that it was clearly a "determinative" ruling. *Id.* The district court had discussed its concerns with the parties, had made a ruling of acquittal, announced the ruling to the jury, and trial had proceeded. Thus, the *Blount* court held, jeopardy ended for the defendant on the felony and all lesser-included offenses when "the district court orally granted Blount's motion for acquittal ... and informed the jury of its decision." *Id.* at 868. Additionally, there was no indication that the grant of the motion was "tentative or subject to reconsideration." *Id.*

■ The facts here are distinguishable from *Blount,* and Appellant relies on excerpts of the record offered out of context of the entire proceeding on June 25. The record indicates that the district court judge discussed her concerns with the parties regarding the evidence at some length and then announced that she was granting the motion by stating: "And I am granting the defendant's motion under Rule 29 as to Count 5." However, immediately after that announcement, the government asked the district court to reconsider, pending submission of the trial transcript of Mr. La-Costa. After some discussion, the district court agreed, stating: "I will let you do that, but I have made up my mind, unless I can be convinced otherwise." Additionally, unlike *Blount,* there was no announcement of the court's decision to the jury, and the trial did not resume until June 30, after the district court had denied Appellant's motion.

Appellant also contends that the district court erred in relying upon *United States v. LoRusso,* 695 F.2d 45 (2nd Cir.1982), in deciding that it could reconsider its ruling on the acquittal. Appellant asserts that *LoRusso* is not on point and is not controlling authority for this Court.

In support of its ruling, the *Blount* court factually distinguished *LoRusso.* The facts in *LoRusso* were that the district court stated that it would grant the Rule 29 motion, and the government then immediately asked to allow the case to go forward on the lesser-included offense. The *LoRusso* court held that there was no double jeopardy as judgment had not been entered and there had been no indication to the jury of the ruling. *LoRusso,* 695 F.2d at 54. These facts are very similar to the facts underlying this appeal. *LoRusso* is thus on point and is supported by *Blount.*

Another Second Circuit case is also helpful here. In *United States v. Washington,* 48 F.3d 73 (2nd Cir.1995), *cert. denied,* 515 U.S. 1151, 115 S.Ct. 2596, 132 L.Ed.2d 843 (1995), the district court orally granted defendant's motion for acquittal at the conclusion of the government's case. However, judgment was not entered and the trial continued, with the defense calling its first witness. The proceedings then adjourned for lunch, during which the district court reconsidered its ruling. After lunch, the district court reversed the order outside of the presence of the jury, based on its reconsideration. The Second Circuit affirmed the district court's reversal, quoting *LoRusso,* stating that: "An oral grant of a motion for acquittal is 'no more than an interlocutory order,' which the court has 'inherent power to reconsider and modify ... prior to the entry of judgment.'" *Washington,* 48 F.3d at 79. In distinguishing the facts in *Washington* from *Blount,* the Second Circuit characterized the *Blount* district court as "announcing its unqualified dismissal of a felony charge to the jury" where the *Washington* district court "reversed its own ruling outside the

jury's presence and in a timely fashion." *Id.* This prompt reversal did not subject the defendant to a "second trial" or a "successive prosecution." *Id.*

█ Taken in total, *Blount, LoRusso,* and *Washington* establish three circumstances that should be considered to determine if an oral grant of a motion for acquittal is "determinative" and thus effectively terminates jeopardy for a defendant: (1) whether a judgment of acquittal was entered; (2) whether, after orally granting the motion, the district court reconsidered and reversed the granting of the motion in a timely fashion; and (3) whether the jury was informed of the acquittal.

In the facts underlying the appeal here, there was no entry of judgment of acquittal by the district court. The district court immediately agreed to reconsider its order granting the motion. The reversal, while occurring five days after the acquittal was granted, was timely as it occurred at the next scheduled proceeding in the trial. Both hearings were held out of the jury's presence, and the jury was not informed as to either the granting of the motion for acquittal or the reversal. Thus, appellant was not subjected to a second prosecution and the Double Jeopardy Clause was not violated.

C. *Rule 29(b) as Prohibiting Reconsideration of a Judgment of Acquittal.* Appellant also contends that Federal Rule of Criminal Procedure 29(b), amended in 1994 after the *Blount* decision, does not allow for reconsideration of a judgment of acquittal. Appellant's contention is based on an interpretation of the language of the Advisory Committee Notes of the amended Rule 29(b) as being specifically concerned with a defendant's double jeopardy rights. Appellant asserts that the proper procedure for the district court, as required by the amended Rule 29(b), was for either the government to ask the court to defer its ruling or for the court, *sua*

*sponte,* to reserve deciding the motion until it was confident in its ruling.

Prior to 1994, Rule 29(b) stated:

If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty, or is discharged without having returned a verdict.

As amended in 1994, Rule 29(b) states:

The court may reserve decision on a motion for judgment of acquittal, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

█ It appears from the additional language added to Rule 29(b) by the 1994 Amendment that the purpose was to allow the district court to defer a motion brought at the end of the government's case in the same way the prior revision allowed this deferral if the motion was brought after presentation of all the evidence. Indeed, the Advisory Committee Notes for the 1994 amendment state: "The amendment permits the reservation of a motion for a judgment of acquittal made at the close of the government's case in the same manner as the rule now permits for motions made at the close of all of the evidence." While there is a discussion in the Notes of double jeopardy concerns as it relates to the government's right to appeal a Rule 29 motion where the ruling is reserved until after the verdict, there is nothing in the Notes that indicates an intent to preclude trial judges from reconsidering a Rule 29 motion. The Notes do state that the amended Rule 29(b) "should remove the dilemma in those close cases in which the court would feel pressured into

making an immediate, and possibly erroneous, decision...." If anything, it appears this language reflects the intent that Rule 29(b) allow a district court to reconsider its ruling with a more careful analysis of the evidence, within the requirements of not terminating jeopardy that are set out in *Blount, LoRusso,* and *Washington.* The language does not preclude reconsideration of a motion for judgment of acquittal under the facts presented here.

**AFFIRMED**