**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20917

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EMMANUEL ASAMOAH,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(H-97-CR-177)

March 30, 2000

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:*

Emmanuel Asamoah, defendant-appellant, appeals the district court's reversal of an oral judgment of acquittal in his favor pursuant to FED. R. CRIM. P. 29(a) at the close of the government's case. Asamoah was charged with 13 counts of making false claims for income tax refunds in violation of 18 U.S.C. § 287. At the conclusion of the case-in-chief, the attorney for the government approached the bench and informed the district court that George Johnson, the last government witness, was not present; that Johnson was handling the funeral arrangements for his grandfather who had died earlier that morning; and that the government anticipated that Johnson would be at the courthouse within the hour. The district court announced a 30 minute recess and stated that the trial

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

would resume with the commencement of defendant Asamoah's case if Johnson was not present when the recess ended. However, the district court stated that if Johnson came in during the defense's case, the government would be permitted to reopen its case and present Johnson's testimony. Defense counsel did not object to the court's statement of its plan for handling Johnson's testimony.

Johnson was not present when the recess ended and the government rested. The district court then entertained several defense motions at the bench including a motion for judgment of acquittal under FED. R. CRIM. P. 29(a) on counts 10 and 11, involving Johnson's 1992 and 1993 federal income tax returns prepared by Asamoah, and on count 13 which involved the 1993 federal income tax return of another taxpayer who was not available to testify. The district court orally granted the defense's motion for judgment of acquittal as to counts 10, 11 and 13 but denied the other defense motions. These proceeding took place outside the presence of the jury.

After ruling on counts 10, 11 and 13, the district court discussed the sufficiency of the evidence for three additional counts at the bench with counsel for both parties. During this discussion the government advised the court that Johnson was present and asked to reopen its case. Defense counsel objected to the court allowing the government to reopen its case for Johnson's testimony and for reconsideration of its ruling on the defense motion acquittal on counts 10 and 11 on grounds of double jeopardy. The district court overruled this objection and withdrew its dismissal of counts 10 and 11

When the jury returned, the district court stated that the government had not rested and would call one more witness. Following Johnson's testimony, the government concluded its case. The district court presented ten counts to the jury including counts 10 and 11. The jury found Asamoah guilty on all counts with the exception of count 4. Asamoah was sentenced to a 15 month term of confinement on each count to run concurrently, followed by a three year term of supervised release, and was ordered to pay a $2,000 fine and a $450 mandatory special assessment. Asamoah timely appealed.

We review questions concerning double jeopardy de novo. See United States v. Dixon, 132 F.3d 192, 196 (5th Cir. 1997), cert. denied, 523 U.S. 1096 (1998). Double jeopardy prevents "a second prosecution for the same offense after acquittal . . . ." United States v. Wilson, 420 U.S. 332, 343 (1975). Jeopardy attaches when the jury is empaneled and sworn. See United States v. Byrne, 203 F.3d 671, 673 (9th Cir. 2000). Three events terminate jeopardy: 1) an acquittal, 2) a trial court determination of insufficiency leading to a directed verdict of acquittal, and 3) an unreversed determination on direct appeal that there was insufficient evidence to support the conviction. See Vanderbilt v. Collins, 994 F.2d 189, 195 (5th Cir. 1993).

Asamoah asserts that the district court's reversal of its judgment of acquittal violated double jeopardy. In support of this argument, Asamoah relies heavily on United States v. Blount, 34 F.3d 865, 869 (9th Cir. 1994). In Blount, the district court announced its ruling of acquittal and dismissal of two felony counts to the jury before proceeding with a trial on the remaining counts. See id. at 867. The following day, after Blount presented his case, the district court reinstated the two counts as lesser-included misdemeanors of the felony counts. See id. Blount was subsequently convicted on one of the reinstated counts. The Ninth Circuit reversed this conviction because the district court's ruling in front of the jury amounted to double jeopardy since it was determinative on the sufficiency of the evidence supporting the charges in question. See id. at 868.

The Ninth Circuit recently revisited the issue of whether the district court's oral grant of a Rule 29(b) motion was a final judgment of acquittal terminating jeopardy. See Byrne, 203 F.3d at 672. In Byrne the court concluded that there had been no double jeopardy violation because the district court's initial ruling on the defendant's motion for acquittal was not final. See id. at 674-75; see also Blount, 34 F.3d at 868 (stating that double jeopardy does not bar district court from revising ruling on motion for acquittal when that ruling is tentative or rendered subject to reconsideration). In addition, the court noted that the jury was informed neither of the district court's granting the motion nor its reversal. See Byrne, 203 F.3d at 674.

For reasons similar to those assigned in Byrne, we conclude that there was no violation of

the guarantee against double jeopardy with respect to Asamoah in the present case. The district court did not reinstate a lesser-included misdemeanor charge after dismissing a felony charge in front of the jury as in Blount. Under the circumstances of the present case, the district court's initial ruling on the motion for acquittal on counts 10 and 11 was not final and unconditional but was tentative and subject to reconsideration. The district court had earlier informed both counsel that if the government witness Johnson did not appear before the end of the recess that the goverment would be allowed to reopen and present the witness's testimony during the defendant's case. Defense counsel did not object to these conditions. When Johnson appeared during the recess a few minutes after the district court's acquittal ruling, the district court immediately reconsidered and recalled its ruling and determined that the government could reopen its case and present Johnson's testimony. The jury was not present during these statements and rulings by the district court. The jurors were not apprised of the proceedings that occurred during the recess. Thus, the jury's verdict could not have been affected by the recess proceedings. Acco rdingly, the convictions and sentences of Asamoah are AFFIRMED.

4