UNITED STATES of America,
Plaintiff-Appellee,

v.

**David CHASER, Defendant–Appellant.**

No. 00–30238.

D.C. No. CR–99–00080–CCL.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2001 *.

Decided May 23, 2001.

Before LAY **, TROTT, and BERZON, Circuit Judges.

## MEMORANDUM ***

David Chaser, a member of the Fort Peck Indian tribe, entered a conditional plea of guilty to two counts of assault with a deadly weapon after the district court denied his motion to dismiss Count One of the Indictment on the ground of double jeopardy. He now appeals that issue. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM the decision of the district court.

Because the parties are familiar with the facts of this case, we recount them here only as necessary to explain our decision.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Whether a prosecution is barred by the ban on double jeopardy is a question of law which we review de novo. *See, e.g., United States v. Byrne,* 203 F.3d 671, 673 (9th Cir.2000).

The Double Jeopardy Clause does not prevent separate sovereigns from prosecuting an individual for offenses arising from the same conduct. *See, e.g., Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). The Supreme Court has held that Indian tribes qualify as separate sovereigns when they proceed under their inherent authority to prosecute tribal members. *See United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978). Because Chaser is an enrolled Fort Peck Indian, he may be prosecuted by both the Fort Peck Tribe and the federal government without running afoul of the ban on double jeopardy.

We reject Chaser's attempt to get around this bedrock principle. Chaser's interpretation of the 1990 amendments to the Indian Civil Rights Act ("ICRA") is meritless. *See* 25 U.S.C. § 1301(2) (West Supp.2000). The amendments to the ICRA were Congress's response to the Supreme Court decision in *Duro v. Reina,* 495 U.S. 676, 679, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990), which held that Indian tribes lack jurisdiction to prosecute Indians who are not tribal members. Congress responded to this decision by amending the ICRA to recognize "the *inherent power* of Indian Tribes ... to exercise criminal jurisdiction over *all Indians.*" 25 U.S.C. § 1301(2) (emphases added). The purpose of the ICRA Amendments was thus to restore jurisdiction to tribes. Chaser's argument that their effect was to diminish Indian tribes' inherent sovereignty over their own members and turn tribal courts into mere divisions of the federal government therefore lacks merit. The 1990 Amendments do not change the principle established in *Wheeler* that tribes are separate sovereigns, and that the federal government and an Indian tribe may bring separate prosecutions against a member Indian. *See Wheeler,* 435 U.S. at 319, 98 S.Ct. 1079.

AFFIRMED.