**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel P. CUESTA, Defendant—
Appellant.**

No. 07–10471.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed June 24, 2008.

Mark J. Mckeon, Office of the U.S. Attorney, Fresno, CA, for Plaintiff-Appellee.

Carrie S. Leonetti, Esq., Federal Public Defender's Office, Fresno, CA, for Defendant-Appellant.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

Daniel P. Cuesta appeals his conviction in magistrate's court for knowingly driving a motor vehicle carrying alcoholic beverages while under the age of 21, in violation of Cal. Veh.Code § 23224(a), while in a National Park. *See* 36 C.F.R. § 4.2(b) (prohibiting the violation of state traffic and vehicle laws in park areas). On the initial appeal pursuant to 18 U.S.C. § 3402, the district court affirmed Cuesta's conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

▮ Cuesta first contends that the Park Ranger lacked the requisite level of suspicion to stop Cuesta's vehicle, and that the length and scope of the stop exceeded its justification. We review the reasonableness of an investigatory stop *de novo*, *see United States v. Grigg*, 498 F.3d 1070, 1074 (9th Cir.2007), including "[t]he determination of whether a seizure exceeds the bounds of an investigatory *Terry* stop and becomes an arrest," *United States v. Charley*, 396 F.3d 1074, 1079 (9th Cir.2005). We hold that the park employees' tip gave rise to the reasonable suspicion that Cuesta, or some other individual in the car, was committing an ongoing crime, *see Grigg*, 498 F.3d at 1074–75, or was "wanted in connection with a past misdemeanor that the police may reasonably consider to be a threat to public safety[,]" such as driving under the influence, *id.* at 1081. Although a seizure under *Terry* may not amount to an arrest without probable cause, "[t]he period of detention was permissibly extended because new grounds for suspicion of criminal activity continued to unfold." *United States v. Mayo*, 394 F.3d 1271, 1276 (9th Cir.2005). Specifically, the admission of Cuesta and his passengers that they had been drinking and that they were under the age of 21 gave rise to probable cause to search the vehicle for alcohol.

▮ Cuesta next contends that he was in custody at the time the ranger questioned him, and his statements therefore were taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 694 (1966). We review *de novo* whether a defendant was in custody at the time law enforcement officers elicited incriminating statements such that *Miranda* warnings were required. *United States v. Leasure*, 122 F.3d 837, 839–40 (9th Cir.1997) (per curiam). The ranger's questioning of Cuesta never exceeded the purpose of the *Terry* stop, and thus the investigation did not become a custodial interrogation for purposes of *Miranda*. *See United States v. Cervantes–Flores*, 421 F.3d 825, 830 (9th Cir.2005) (per curiam) (noting that *Terry* expressly allows officers to ask questions "reasonably related in scope to the justification for their initiation") (internal quotation marks and citation omitted).

■ Cuesta further contends that the magistrate judge's reopening of his trial, following the magistrate judge's oral grant of his motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29, violated his rights under the Double Jeopardy Clause of the Fifth Amendment. However, "[d]ouble-jeopardy principles have never been thought to bar the immediate repair of a genuine error in the announcement of an acquittal," *Smith v. Massachusetts*, 543 U.S. 462, 474, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005), and thus the grant of a Rule 29 motion must be sufficiently final to terminate jeopardy. Although the magistrate judge's initial ruling appears to be unequivocal, he reconsidered his determination immediately thereafter, both by asking if the government wanted to be heard, and then wondering aloud whether the government provided evidence of an essential element. Further, the magistrate judge did not give either party the opportunity to argue the motion before granting it, making it less likely that his decision was on the merits. *See United States v. Byrne*, 203 F.3d 671, 673–74 (9th Cir.2000) (discussing factors used to determine finality). The trial court "is afforded wide discretion in determining whether to allow the government to reopen and introduce evidence after it has rested its case." *United States v. Suarez–Rosario*, 237 F.3d 1164, 1167 (9th Cir.2001). Based on the record before us, we cannot say that the magistrate judge abused his discretion in granting the government's motion to reopen.

Cuesta argues that the magistrate judge should not have admitted testimony by the ranger concerning the date of birth reported on Cuesta's driver's license. The record indicates, however, that the magistrate judge did not ultimately rely on the testimony concerning Cuesta's driver's license in order to establish that Cuesta was under 21. Because we will only reverse an erroneous evidentiary ruling if it "more likely than not affected the verdict[,]" *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir.2004) (internal quotation marks and citation omitted), we find it unnecessary to consider whether the magistrate judge erred in this regard.

■ Finally, Cuesta contends that the evidence was insufficient to prove that he knew there were alcoholic beverages in his vehicle. "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Shipsey*, 363 F.3d 962, 971 n. 8 (9th Cir.2004) (internal quotation marks and citation omitted). Under this standard, the circumstantial evidence of Cuesta's knowledge was sufficient to uphold the magistrate judge's finding.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**